STUART, assignee, v. AUMILLER.

THE SAME v. SILVERMAN.

THE SAME v. WARDE.

THE SAME v. ISETT.

**Demurrer:** ANSWER IN DENIAL NOT DEMURRABLE. An answer in denial of the allegations of the petition cannot be assailed by demurrer.

*Appeals from Muscatine District Court.*

THURSDAY, SEPTEMBER 18.

THESE are actions at law to recover the possession of certain different parcels of real estate described in the petitions in the several suits respectively. The petitions allege that the respective defendants set up some illegal claim to the lands in the possession of each, and ask that plaintiff's title be quieted, and that he may have a writ for the possession of the premises involved in each case. By an amended petition plaintiff sets out his title to the land as being based upon a proceeding in bankruptcy, wherein Thomas M. Isett and others, copartners, were declared bankrupts, and the real estate in question was in that proceeding conveyed, assigned and transferred to plaintiff as the assignee in bankruptcy of said Isett. A copy of the petition in bankruptcy, of the order to Isett to show cause why he should not be adjudged a bankrupt, and of the proof of service thereof, and some other proceedings in the case are made exhibits to the petition. Defendants answered the respective petitions, setting up divers law and equitable defenses, which are particularly stated in the opinion. A demurrer to the several counts of the answer was filed, and as to the first count, which denied the jurisdiction of the court to determine the matters in issue, was sustained, and overruled as to

all other counts. The plaintiff declining to plead further, and standing upon his demurrer, judgments were rendered for defendants. Plaintiff appeals in each case.

*Richman & Carskadden* and *Charles A. Peabody* for the appellant.

*Cook, Richman & Bruning* and *Hanna & Fitzgerald* and *S. L. Wade* for the appellees.

BECK, Ch. J. — Plaintiff's petitions, after the amendments, claim title to the real estate involved in the several actions under a proceeding in bankruptcy, had in the United States district court for the southern district of New York. The petition, order for appearance of Isett, the bankrupt, with the return or proof of service, the adjudication declaring Isett a bankrupt, the appointment of plaintiff as assignee, the deed of assignment to him of all the estate of the bankrupt, with the indorsements thereon, are set out by copies attached to the petition as exhibits. It is averred that the deed of assignment to plaintiff was duly recorded in the county of Muscatine, where the real estate in controversy is situated, and that the bankrupt, Isett, at the time of the filing of the petition in bankruptcy, was the owner thereof.

The answers of the defendants set up the following defenses:

1. The court has no jurisdiction in the matters in controversy, which are exclusively within the cognizance of the courts of the United States.

2. The defendants deny that Isett ever was, or now is, a bankrupt, and that plaintiff is the assignee in bankruptcy.

3. The defendants aver that no legal adjudication was ever had or made against the said Isett as a bankrupt by any court having jurisdiction of him or his estate.

4. The defendants aver that they are the absolute owners of the property in controversy in the respective suits, which they acquired by purchase for a valuable consideration and in good

faith from said Isett, and they deny that the plaintiff is entitled to the present possession thereof.

5. In the form of an equitable answer, defendants set up with great particularity and explicitness, their purchase, for value and in good faith, the property of Isett, at a date eighteen days subsequent to the filing of the petition in bankruptcy, the fact that Isett had been a resident of Muscatine; that he was a man of large means, and the owner of and dealer in real estate; that after he left Muscatine he retained a large quantity of real property in that city, which was in charge of an agent, and was leased by defendants; that negotiations for more than a year had been pending between him and the defendants for the transfer and sale to them of the property; that Isett removed to the city of New York and became connected in business with a firm which, afterward becoming financially embarrassed, upon the application of one of its members, without the knowledge and consent of Isett or any of his creditors, was thrown into bankruptcy, and that Isett had no knowledge of the proceeding until after he had sold and conveyed the property in dispute to the defendants. It is alleged "that the proceedings by which the said Isett individually was adjudged to be a bankrupt, were without authority of law and void; that said Isett had no notice of the said application in bankruptcy; that the court before which the alleged proceedings were had did not have jurisdiction of the person of said Isett nor of his individual assets and effects, and could not assign his said effects to plaintiff." It is alleged that Isett is not insolvent, but amply able to pay all his individual debts. Relief is prayed for in the following language: "To the end that justice be done, the defendant asks that plaintiff be required to answer fully the matters herein alleged and set forth; that he be required to produce in full, exhibits as attached to his answer, the proceeding in bankruptcy, and a list of all the demands established against the said Isett, Kerr & Co., and against the said Thomas M. Isett individually; and if it shall appear that the said court in bankruptcy had no jurisdiction over the said Isett and his personal and individual estate, then

the defendant asks that the said alleged proceeding in bankruptcy be declared to be null so far as they may affect the title of this defendant to said real estate; and that the title of this defendant be quieted and the plaintiff enjoined and barred from making any further claims thereto."

To the several counts of the answer plaintiff demurred, and thereupon the court held that the first count, alleging want of jurisdiction, was bad. The demurrer, as objections to the other counts of the petition, alleges many grounds and reasons upon which it is claimed that the matters set up constitute no defense to the action. They need not be more particularly specified.

1. The third count of the answer puts in issue the legality of the adjudication of the court declaring Isett a bankrupt, and denies its jurisdiction. It certainly cannot be claimed with any degree of fairness that it simply discharges the office of a demurrer, denying the conclusions of law which plaintiff bases upon his petition. It is a denial of facts averred in the petition; namely, that the bankrupt court had jurisdiction, and that there was a sufficient judgment rendered therein.

The petition alleges that "in a certain proceeding in bankruptcy * * * * on the petition * * * * duly filed in said court * * * * the said Thomas M. Isett was duly adjudged a bankrupt, and the plaintiff was therein duly appointed assignee," etc. This language must be understood as an averment of the validity of the proceedings. The answer must be taken as a denial thereof.

Upon the issue thus formed, had the case gone to trial upon the facts, plaintiff would have been required to establish, by proper evidence, the allegations of his petition; he would have been called upon to show the existence of a sufficient adjudication by a court having jurisdiction of the person of the party and subject-matter affected thereby. Such evidence could have been assailed by demurrer thereto, and, within certain bounds, contradicted by competent proof. The answer by no means admits the allegations of the petition — it denies them. Neither are the exhibits, which are but a part of the answer, admitted. They serve no other office than that usually per-

formed by such papers; namely, to aid the petition in presenting allegations of fact.

The answer is a denial of these facts. It is obvious that so far as the answer amounts to a denial of the petition, it cannot be assailed by demurrer. *Oleson* v. *Hendrickson*, 12 Iowa, 222. It is needless to extend remarks upon points of law and practice so familiar. For these reasons the demurrer was properly overruled.

II. The third and sixth counts of the answer embody averments of the illegality and insufficiency of the adjudication relied upon by plaintiff and the want of jurisdiction of the court making it. It cannot be questioned that such facts, if shown, would constitute a defense to the action. We need not here enter upon an inquiry as to the character of the evidence admissible to support this defense, and whether the record of the proceeding would be conclusive in this action. It will certainly not be denied that the defense pleaded may be shown by the record of the bankruptcy proceeding itself, if such facts appear therein, and that the whole record, which is not set out by the exhibits of plaintiff, and all parts thereof are competent evidence in defendant's behalf upon the issue tendered by him. The issue being made by the answer defendants cannot be denied the right to establish, by competent evidence, that the judgment is void. In this view of the case the court was certainly required to overrule the demurrer to all the counts of the answer except the first.

The correctness of the ruling upon the demurrer to the first count is not brought in question upon this appeal.

The judgment of the district court is

　　　　　　　　　　　　　　　　　　　　Affirmed.