PHILIP G. WILLARD *vs.* HORACE C. KIMBALL & others.

Suffolk.   October 8, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Land Court,* Appeal, Findings by judge, Parties. *Corporation,* Officers
and agents, Dissolution. *Mortgage,* Of real estate: foreclosure; Trust
mortgage.

A Massachusetts corporation owning real estate subject to a trustee mort-
gage was dissolved by statute in March, 1928.  Its principal and ma-
jority stockholders were adjudicated bankrupts and their trustee in
bankruptcy under license of the bankruptcy court sold their shares to
one who purchased them for an agent of the mortgagee trustee and in-
dorsed the certificates in blank.  There was no transfer on the books
of the corporation, they not being obtainable.  The trustee mortgagee's
agent called a meeting of the stockholders of the dissolved corporation,
had the former officers and directors resign, and elected in their places
employees of his own office, and they voted to and in February, 1931,
did file a petition in the name of the corporation for registration of
the title to the real estate.  The judge of the Land Court found that
"the meeting to authorize the bringing of this petition, and the filing
of the petition for registration of title, were all steps toward settling
the affairs of the corporation and securing a marketable title to this
property. . . . The presumption is that the proceedings were regular.
There is no evidence to the contrary." *Held,* that
    (1) Under the provisions of G. L. c. 185, § 26, a contention by the
respondents that the petition was filed without a duly authorized vote
of the directors was without merit;
    (2) The petition for registration of title was a "suit" within the
provisions of G. L. c. 155, § 51, and might be brought within three
years after the dissolution of the corporation by statute.
At the hearing in the Land Court of the petition above described, it
appeared that the trustee mortgage was made in 1926; that the dissolu-
tion of the original petitioning corporation, mortgagor, was on March
31, 1928; that the petition for registration was filed on February 17,
1931; and that on April 1, 1931, there was a sale under the power of
sale in the mortgage to one who moved to be substituted as petitioner
in the place of the original petitioner.  The motion was allowed. *Held,*
that
    (1) The fact that three years had passed since the dissolution of the
corporation before the foreclosure sale did not make it improper under
the provisions of G. L. c. 155, § 51, to substitute the purchaser at that
sale as petitioner, he having acquired title, so far as action of the cor-
poration was concerned, under the original mortgage;

(2) The substitution was proper.

Acceptance by a mortgagee, after entry and taking of possession for the purpose of foreclosure, of interest upon the mortgage debt waives rights of foreclosure gained by the entry.

PETITION, filed in the Land Court on February 17, 1931, by 250 Beacon St. Inc., a corporation, for registration of the title to land and buildings numbered 250–252 Beacon Street in Boston.

On April 4, 1931, six respondents filed objections to the registration prayed for, alleging that they were holders of first mortgage bonds described in the opinion; that the petitioner corporation had been dissolved by St. 1928, c. 273, and that no certificate of change of officers had been filed with the commissioner of corporations and taxation; that the respondents had brought the suit in equity described in the opinion, which still was pending; that Harold A. Moore and American Trust and Safe Deposit Company as trustees under the first mortgage had failed to perform their duties under the trust mortgage and to file objections to the allowance of the petition for registration; and the respondents based their objections to the allowance of the petition for registration on allegations "that at the time of the filing of said petition the petitioner was dissolved and [as?] a corporation; that the persons acting thereunder as officers were not the legal officers of said corporation, 250 Beacon St., Inc.;. and that the title to said land is involved in litigation in the Superior Court for Suffolk County."

On April 10, 1931, Philip G. Willard filed the motion that he be substituted as petitioner, as described in the opinion. The motion was allowed on April 23, 1931.

The petition then was heard by *Davis*, J. Material facts found and the order for a decree made by him are described in the opinion. The respondents alleged exceptions.

*H. S. Avery*, for the respondents.

*R. H. Hopkins*, (*R. H. Davison* with him,) for the petitioner.

CROSBY, J. This petition for registration of title to land under G. L. c. 185 was filed February 17, 1931, by 250 Beacon St. Inc., a Massachusetts corporation, and relates to a parcel of land with the building thereon in the city of Boston. By

motion, which was allowed, Philip G. Willard has been substituted for the original petitioner.

The judge found the following facts: Title to the land in question was acquired by 250 Beacon St. Inc. in 1925, and on January 15, 1926, the corporation executed a mortgage to secure a bond issue amounting to $500,000. The mortgagee was Harold A. Moore, of Chicago. He was named as individual trustee in the grant, the habendum and the power of sale. The American Bond and Mortgage Company was named as distributing agent for the bondholders. The mortgage, among other provisions, contained a power of sale in accordance with the statutes of this Commonwealth. The bonds were serial bonds; the first series were to mature January 15, 1928, interest being payable on the total amount. On the same date as that of the first mortgage a second mortgage of $100,000 was executed to Snider and Druker. A building was erected on the land and was completed in the fall of 1926. In March, 1927, the mortgagor defaulted in the payment of interest, and Robert H. Davison, an attorney at law, on instructions from the individual trustee though without written power of attorney, made an entry in his behalf and took possession by reason of the default; a certificate of entry was recorded under the statutes on March 30, 1927. The building was in the hands of a firm of real estate agents, and the net rentals were paid over to Davison, the representative of the mortgagee in possession. From this income he paid the expenses of maintenance and arrears of taxes, and remitted the balance to the American Bond and Mortgage Company for the payment of interest to the bondholders. The income was not sufficient for the payment of the entire interest, but the company, which had sold the bonds, made up from its own funds the balance necessary to pay the entire interest until January, 1929. As default was also made by the mortgagor in March, 1928, in the payment of interest, and in the payment of principal of the first series of bonds, which had matured, a partial foreclosure in the Illinois form was attempted under the direction of the general counsel in Chicago for the mortgagee but against the advice of counsel resident here. A foreclosure deed dated March

31, 1928, was executed to one Fay for the consideration of
$6,195, subject however to the first mortgage amounting to
$494,000, and subordinate to the continuing lien of the first
mortgage to that extent. Fay acted for the American Bond
and Mortgage Company, and immediately executed the deed
in blank which was retained by Davison. On the same date,
March 31, 1928, the mortgagor corporation was dissolved by
the Massachusetts Legislature by St. 1928, c. 273, the act
being declared an "emergency law" and operative as of that
date. In December, 1927, Davison, for the benefit of the
individual trustee mortgagee, had obtained from Snider and
Druker an assignment of the second mortgage.

In August, 1928, the principal and majority stockholders
in 250 Beacon St. Inc. having gone into bankruptcy, their
trustee in bankruptcy under license of the bankruptcy court
sold their shares to one Curtiss, acting for Davison in behalf
of the individual trustee mortgagee. Curtiss at once in-
dorsed the certificates in blank. No transfer of them was
ever made on the books of the corporation, of which Davison
was unable to obtain possession. However, he called a meet-
ing of the (dissolved) corporation, had the former officers and
directors resign, and elected in their places employees of his
own office. He questioned the validity of the attempted
foreclosure in 1928, and advised testing the question by a bill
in equity through Curtiss, or by a new foreclosure, on the
assumption that the proceeding in 1928 was invalid, and a
petition for registration of title, such registration having
been contemplated under the provisions of the mortgage.
On October 10, 1929, Fay filled in the deed which he had
executed in blank March 31, 1928, with the name of 250
Beacon St. Inc. as grantee, and acknowledged the deed; it
was recorded October 11, 1929.

On February 3, 1930, a "committee for the protection
of bondholders" issued a circular notice to the bondhold-
ers advising reorganization by foreclosure of mortgage or
otherwise. On February 6, 1931, a plan of reorganization
was submitted to the bondholders, which provided for a
new foreclosure and for placing a new mortgage there-
after. On February 10 a notice to bondholders was

issued by the individual trustee mortgagee that foreclosure proceedings would be instituted; that over ninety per cent of the bondholders had deposited their bonds with the committee for reorganization; and recommending the plan to those not yet participating. On February 13, at a meeting of the directors of the mortgagor corporation, it was voted to file a petition for registration of title, and on February 17, 1931, such petition was filed. On March 17 a demand was made on the individual trustee mortgagee, by persons holding bonds to the amount of $10,000, that he foreclose the mortgage. On March 20 he gave a power to one Davis to enter for breach of condition of the mortgage, and on April 1, 1931, such entry was made and a certificate thereof was duly recorded on April 7. On April 17 a notice was issued by the committee stating that it could purchase at foreclosure sale for less than the amount of the mortgage, and urging nonparticipating bondholders to come in.

On March 18, 1931, the respondents brought a suit in equity in the Superior Court seeking among other things to enjoin such foreclosure. The petition for an injunction was denied. In the meantime a notice dated March 9, 1931, of foreclosure sale to be held April 1, 1931, had been duly published on March 10, 17 and 24, and at the sale held on April 1 the property was bid in by Philip G. Willard for $190,000, to whom a deed was executed, dated April 7, 1931, and duly recorded with an affidavit of sale on April 10. Willard acted as the representative of the committee on reorganization and holds title for the benefit of the bondholders participating in the plan of reorganization.

The original mortgage provided among other things that there should be no priority of one bond over another; that in case of default in the principal or interest, or on dissolution or liquidation of the mortgagor corporation, the individual trustee mortgagee may, and on demand of those holding $10,000 in value of bonds shall, declare the principal of all bonds due, and foreclose by sale under the power in the mortgage; that without such demand or declaration he may, on default, sell under the Massachusetts

statutory power; that any bondholder, or committee, or the individual trustee may purchase; that if the individual trustee mortgagee does purchase he may subsequently sell the same, but not for less than the total amount of the bonds, unless on written consent of one half in amount of the bonds; that every bondholder's rights at law or in equity are vested in the individual trustee mortgagee, and that no holder, or combination of holders, shall have a right to institute any suit or proceeding in equity or otherwise, except in case of refusal on the part of the individual trustee to perform any duty imposed upon him by the indenture at the request in writing by the holders of at least $10,000 of said bonds; and that in any suit affecting the title the individual trustee shall be deemed the representative of the bondholders.

The bill in equity alleges that the individual trustee is a principal owner of the American Bond and Mortgage Company; that said company is the owner of a majority of the bonds; that the protective committee, therefore, represents the individual trustee mortgagee as an individual; that as a result his interests are adverse to those of the plaintiff nonparticipating beneficiaries (the respondents in this case); that the foreclosure and reorganization scheme is a fraudulent scheme to eliminate said minority bondholders; that the plan for foreclosure and reorganization is to buy in the property at a small part of its value for the benefit of the majority bondholders, including the trustee, and place a new mortgage for a large amount for their benefit and in fraud of the minority. "The bill prays for an injunction (which was refused) that the trustees be removed; that new trustees be appointed for the purpose of a real foreclosure; and for an accounting."

On April 17, 1931, a hearing was held before a judge of the Land Court upon the respondents' objections to the registration of the title to the property; thereafter he ordered a decree in favor of the substituted petitioner, Philip G. Willard, as trustee for participating bondholders under the plan of reorganization dated February 6, 1931, a copy of which is attached to the decision. The respondents al-

leged exceptions to the entry of the order for registration of the title.

The decision of the judge of the Land Court on questions of fact is final, and only questions of law apparent on the record can be reviewed by this court. G. L. c. 185, § 15. *Holmes* v. *Barrett*, 269 Mass. 497, and cases cited at page 499.

No contention is made that the partial foreclosure sale attempted March 31, 1928, under the Illinois law, was valid. The question before us is whether the substituted petitioner acquired under the foreclosure sale held on April 1, 1931, a title proper for registration. The respondents' exceptions relate to rulings made by the judge of the Land Court in his decision. In their brief they rely on three exceptions to the registration in the name of the substituted petitioner, as follows: (1) "The dissolved corporation, 250 Beacon Street, Inc., did not fulfill all the requirements for a petition to register title to land by a corporation under G. L. c. 185, § 26"; (2) "The petition for registration of title to land could not be amended to substitute the sub- stituted petitioner"; and (3) "The foreclosure by entry of possession made on March 30, 1927, became final and was not reopened by subsequent acceptance of payments."

1. It is provided in G. L. c. 185, § 26, that "Petitions for registration of title may be made by the following persons . . . . Fourth, Corporations, by any officer duly authorized by a vote of the directors." The judge found that "the meeting to authorize the bringing of this petition, and the filing of the petition for registration of title, were all steps toward settling the affairs of the corporation and securing a marketable title to this property . . . . A meeting . . . was held, the old officers resigned, new ones were elected and the new directors met and passed the vote authorizing the bringing of this petition as evidenced by the certificate of the secretary. The presumption is that the proceedings were regular. There is no evidence to the contrary." It is manifest that in view of these findings the contention of the respondents that the petition was filed without a duly author- ized vote of the directors is without merit.

2. The second exception in substance is that the original

petitioner had no authority to maintain the petition as the corporation was dissolved; it therefore could acquire no title from Fay, nor institute registration proceedings; and that as three years had elapsed after the dissolution of the corporation, the Land Court was without jurisdiction, which could not be revived by a motion for substitution. The substituted petitioner contends (1) that the original petitioner could properly bring the petition, and (2) that he does not depend for his title upon the foreclosure sale by the mortgagor corporation held on April 1, 1931, but takes title under the original mortgage dated January 15, 1926. G. L. c. 155, § 51 provides: "Every corporation whose charter expires by its own limitation or is annulled by forfeiture or otherwise, or whose corporate existence for other purposes is terminated in any other manner, shall nevertheless be continued as a body corporate for three years after the time when it would have been so dissolved for the purpose of prosecuting and defending suits by or against it and of enabling it gradually to settle and close its affairs, to dispose of and convey its property and to divide its capital stock, but not for the purpose of continuing the business for which it was established; provided, that the corporate existence of such a corporation, for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after final judgment in the suit." It cannot be doubted that a petition for the registration of a title to land under the statute is a "suit" within the meaning of G. L. c. 155, § 51. It was said by Chief Justice Marshall in *Cohens* v. *Virginia*, 6 Wheat. 264, at page 407, that a suit is "the prosecution, or pursuit, of some claim, demand, or request. In law language, it is the prosecution of some demand in a court of justice." The petitioner contends that "The motion for substitution is based upon the acquisition of title by Willard through the foreclosure sale of April 1, 1931. That, however, was not a sale by 250 Beacon St., Inc., as of that date. Willard acquired title under the original mortgage of January 15, 1926, which was a deed absolute to the individual trustee, subject to be avoided by the performance of the conditions thereof.

The foreclosure sale, the conditions not having been performed, was the exercise of a power under the original mortgage to extinguish the right of redemption." We are of opinion that this contention is supported in view of the facts found by the judge of the Land Court. *Bayley* v. *Bailey,* 5 Gray, 505, 509, 510. *Depon* v. *Shawye,* 263 Mass. 206, 209.

3. The third exception is based upon the contention that the foreclosure by entry on March 30, 1927, "became final and was not reopened by subsequent acceptance of payments.'' The substituted petitioner admits the validity of this entry, but the judge of the Land Court found, however, that subsequently to the entry, and before the expiration of three years, payments of interest and on account of principal were accepted. These findings are final. *Curtis* v. *Brown,* 219 Mass. 157, 159. If after the entry to foreclose a mortgage the mortgagee accepts any portion of the mortgage debt, or interest thereon, the entry is deemed to have been waived. *Trow* v. *Berry,* 113 Mass. 139, 147. See also *Jager* v. *Vollinger,* 174 Mass. 521, 523, 524.

As to the allegations of fraud in the respondents' bill in equity hereinbefore referred to, and which was filed subsequently to the filing of this petition for registration of title, the judge of the Land Court found that full notice and opportunity to protect themselves were given to all the bondholders, and that there was no evidence of fraud apart from the equivocal position of the individual trustee, who was obliged under the terms of his trust as mortgagee to foreclose the mortgage. The findings of the judge must stand. *Curtis* v. *Brown,* 219 Mass. 157.

It results that the petition was properly brought by the corporation; that the substituted petitioner acquired title under the mortgage of January 15, 1926, by the foreclosure sale on April 1, 1931, which extinguished the mortgagor's right of redemption; that this was the only foreclosure; that the entry made by the individual trustee mortgagee, recorded March 30, 1927, was waived; and that there was no fraud in the plan of reorganization or in the foreclosure proceedings by which the substituted petitioner acquired title.

*Exceptions overruled.*