Toivo A. Partan, trustee in bankruptcy, *vs.* Walter A.
Niemi.

Worcester.   February 8, 1934. — October 23, 1934.

Present: Rugg, C.J., Crosby, Pierce, & Donahue, JJ.

*Corporation,* Dissolution.  *Bankruptcy.  Jurisdiction.  Words,* "Suit."

As used in G. L. (Ter. Ed.) c. 155, § 51, the word "suit" embraces a
voluntary petition in bankruptcy; and therefore a Massachusetts
corporation, dissolved, subject to §§ 51, 52, 56 of that statute, by a
statute which became operative in March, 1932, so far continued as
a body corporate that the District Court of the United States had
jurisdiction to appoint a trustee in bankruptcy in voluntary proceed-
ngs in bankruptcy in which the corporation was adjudicated a bank-
irupt in February, 1933.

Bill in equity, filed in the Superior Court on April 21,
1933, and described in the opinion.

The plea in bar, described in the opinion, was heard by
*Dillon,* J., and was sustained.  By his order, a final decree
was entered dismissing the bill.  The plaintiff appealed.

The case was submitted on briefs.

*A. S. Allen & R. H. Willard,* for the plaintiff.

*A. Z. Goodfellow, S. M. Salny & P. Salny,* for the de-
fendant.

Rugg, C.J.   This suit in equity is brought by the plain-
tiff, alleging that he is trustee in bankruptcy of The Eastern
Publishing Company, Inc., to set aside as fraudulent and
unauthorized certain mortgages and conveyances by it to the
defendant, who was a director of that corporation.  The
defendant filed a plea in bar of this tenor: "That this
plaintiff is not entitled to prosecute this action against this
defendant, because the order of the United States District
bankruptcy court purporting to appoint him trustee in
bankruptcy of the Eastern Publishing Co. is a nullity, since
said court did not have jurisdiction to adjudicate said East-
ern Publishing Co. a bankrupt."  This plea was submitted
for decision on the following facts:  The Eastern Publishing

Company, Inc. (hereafter called the corporation), was organized under the business corporation laws of this Commonwealth; the corporation was dissolved by St. 1932, c. 139, which became operative as of March 31, 1932; the corporation was adjudicated a voluntary bankrupt by the District Court of the United States for the District of Massachusetts on February 7, 1933, upon a petition in bankruptcy filed by it on the same day; subsequently to February 7, 1933, and prior to the bringing of this suit, the plaintiff was appointed trustee in bankruptcy of the corporation; the dissolution of the corporation is the basis of the alleged lack of jurisdiction of the District Court of the United States to adjudicate the corporation a bankrupt and to appoint the plaintiff its trustee in bankruptcy. A decree was entered sustaining the plea and dismissing the bill, from which the plaintiff appealed.

It is assumed for the purposes of this decision that want of jurisdiction by the bankruptcy court can be raised in this suit. *Hersey* v. *Hersey*, 271 Mass. 545, 553. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 206–210. *S. C. sub nomine Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, 134–135. *In re Goodfellow*, 1 Lowell, 510. *In re Garneau*, 127 Fed. Rep. 677. *Stuart* v. *Aumiller*, 37 Iowa, 102, 104, 105. The proper way to raise the issue of legal incapacity of the plaintiff to sue is a plea in bar. *Whiton* v. *Balch*, 203 Mass. 576, 578–579. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31.

The right of the plaintiff to bring this suit depends upon the question whether the United States District Court of Massachusetts had jurisdiction to appoint him as trustee upon the voluntary petition in bankruptcy of the corporation. The corporation was dissolved by St. 1932, c. 139, operative on March 31, 1932, by § 1 of which it was provided in substance that the dissolution should be subject to the provisions of G. L. (Ter. Ed.) c. 155, §§ 51, 52, 56. By § 51 of the latter chapter it is provided that a corporation thus dissolved "shall nevertheless be continued as a body corporate for three years after the time when it would have been so dissolved for the purpose of prosecuting and defending suits by

or against it and of enabling it gradually to settle and close
its affairs, to dispose of and convey its property and to divide
its capital stock, but not for the purpose of continuing the
business for which it was established; provided, that the
corporate existence of such a corporation, for the purposes
of any suit brought by or against it within said period of three
years, shall continue beyond said period for a further period
of sixty days after final judgment in the suit"; by § 52 a
receiver may be appointed in such cases "to do all other acts
which might be done by such corporation, if in being, which
may be necessary for the final settlement of its unfinished
business. The powers of such receivers and the existence of
the corporation may be continued as long as the court finds
necessary for said purposes"; by § 56 provision is made for
the revival of such corporations in specified circumstances.
Examination of the provisions of these sections makes it
clear that the dissolution of the corporation was conditional.
Its corporate existence was not immediately extinguished
but protracted for three years after the operative date of St.
1932, c. 139, with special reference to the prosecution and
defence of suits by or against it and the settlement of its
affairs. The only positive prohibition is that the business
for which it was incorporated shall not be continued. It is a
necessary conclusion from the statutory words that some-
thing in the nature of a corporation must endure and remain
in being to enable it to sue and to be sued. Action and suit
import by their very terms the existence of persons capable
of being and actually made parties thereto. *Brooks* v. *Bos-
ton & Northern Street Railway*, 211 Mass. 277, 278. A non-
existent corporation can hardly be a party to a suit or to an
action. Persistence of corporate entity is clear also from the
provision as to the appointment of a receiver in appropriate
instances and empowering the court to continue the receiver-
ship and the "existence of the corporation" so long as may
be necessary to accomplish the ends described in the statute.
Moreover, an extinct corporation can hardly be revived as
provided in § 56. That provision imports something of ex-
tended corporate being. In *Crease* v. *Babcock*, 23 Pick. 334,
346, it was said in discussing a similar statute, that, although

for some purposes the charter of the corporation had expired, it nevertheless was continued "for certain, definite, specific and limited purposes. This qualified prolongation of the existence of the corporate body, is in the nature of an administration of its estate. . . . But it has a nominal existence for the purpose of closing its concerns in the most convenient manner . . . ." *Commonwealth* v. *Commonwealth Bank*, 22 Pick. 176, 180. *Thornton* v. *Marginal Freight Railway*, 123 Mass. 32, 34. *Cummington Realty Associates* v. *Whitten*, 239 Mass. 313, 325. *Bowen* v. *Dorchester Ice Co.* 255 Mass. 159.

One proper purpose and suitable method of closing the affairs of a corporation might be proceedings in bankruptcy. The word "suit" in § 51 must be interpreted in a broad sense, in view of the purpose intended to be accomplished by the statute. As was said in *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, 110, with reference to another provision touching corporations, "Suit is used in this statute as a comprehensive word 'To apply to any proceeding . . . by which an individual pursues that remedy in a court of justice, which the law affords' and includes an action at law." *Willard* v. *Kimball*, 277 Mass. 350, 357. See *Commonwealth* v. *Gallo*, 275 Mass. 320, 335; *Matter of Keenan*, 287 Mass. 577, 581–583. The pertinent sections of our statutes and the decisions rendered concerning them contain no restrictions as to the methods to be followed, nor the courts whose jurisdiction may be invoked by corporations conditionally dissolved in gradually settling and closing their affairs. There is no exclusion of resort to the bankruptcy courts established by the United States. As used in § 51 and in order to effectuate the legislative intent disclosed by its main provisions, the word "suit" embraces a voluntary petition in bankruptcy. A chief purpose of the bankruptcy act is to enable the affairs of a bankrupt to be settled and his property distributed among those entitled to receive it.

There is nothing contrary to this result in *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257, 259, where there was no provision continuing a qualified existence of the corporation for the purpose of suing and being sued

after its conditional dissolution. That point was not before the court and was not considered. Although the decision in *Hammond* v. *Lyon Realty Co.* 59 Fed. Rep. (2d) 592, rests upon different reasoning, it is not incompatible with the conclusion we reach. The decision in *In re Vassar Foundry Co.* 293 Fed. Rep. 248, affirmed *sub nomine Vassar Foundry Co.* v. *Whiting Corp.* 2 Fed. Rep. (2d) 240, was based on an interpretation of a State statute by the State court, to the effect that the dissolution of the corporation was absolute, without condition or limitation. The inference from the discussion of the court seems to us to be that, if there had been a statute similar to § 51 of our law, the result would have been different and the corporation would have been held subject to the bankruptcy law.

It follows that there was error in sustaining the plea in bar and in dismissing the bill. The plea should have been adjudged insufficient and the defendant permitted to answer to the merits.

*Final decree reversed.*
*Plea adjudged insufficient.*