RUSSELL BOX COMPANY & others *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    December 6, 1949. — March 30, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Corporation*, Dissolution, Revival. *Constitutional Law*, Separation of powers of government, Corporation. *Words*, "Interested party."

The power given to the commissioner of corporations and taxation by G. L. (Ter. Ed.) c. 155, § 56, as amended by St. 1939, c. 456, § 2, to revive a corporation dissolved by decree of court under § 50A, inserted by St. 1939, c. 456, § 1, is not unconstitutional on the ground that it purports to authorize him, an administrative officer, to nullify the decree of dissolution contrary to art. 30 of the Declaration of Rights: such a decree is entered subject to the qualification that the commissioner may revive the corporation under § 56, as amended.

An applicant asserting to the commissioner of corporations and taxation that he had obtained a decree in the United States District Court for an injunction and damages against a corporation dissolved more than three but less than five years previously, and that a revival of the corporation under G. L. (Ter. Ed.) c. 155, § 56, as amended by St. 1939, c. 456, § 2, was necessary to permit enforcement of such decree, could not be said as matter of law not to be an "interested party" within § 56, as amended.

The revival of a dissolved corporation by the commissioner of corporations and taxation under G. L. (Ter. Ed.) c. 155, § 56, as amended by St. 1939, c. 456, § 2, to enable the applicant for revival to prosecute to a conclusion a suit against the corporation pending in the United States District Court was for a proper purpose.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on May 18, 1949.

The case was reserved and reported by *Ronan*, J., without decision.

*F. L. Simpson*, (*H. A. Baker & E. O'Callaghan* with him,) for the petitioners.

*D. N. Roach*, Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*H. D. McLellan*, *H. M. Holmes & H. V. Atherton*, by leave of court, submitted a brief as amici curiae.

QUA, C.J.   This petition for a writ of certiorari purports to be brought by Russell Box Company, which however insists upon its right to maintain that it has been dissolved, and by a number of individuals who assert that they were all of the stockholders, officers and directors of Russell Box Company at the time of its dissolution.   The object of the petition is to quash a certificate of the commissioner dated March 22, 1949, reviving Russell Box Company for the purpose of enabling Grant Paper Box Company to maintain its suit pending in the United States District Court against Russell Box Company "and to pursue and obtain such remedy or remedies in the premises as grow out thereof or are incidental thereto, but not for the purpose of continuing the business for which it was established."

It appears from the return that Russell Box Company was incorporated in 1908; that in 1945 there were filed with the commissioner a certificate of a vote of its stockholders that it cease to carry on business and that it distribute its assets, subject to the assumption of its debts by the distributees, and certain required certificates of its officers relative to the payment of taxes; that the name of this corporation was placed on the list of corporations for the dissolution of which the commissioner applied to this court;

that the corporation was dissolved by decree of this court on December 19, 1945; that on March 22, 1949, Grant Paper Box Company presented to the commissioner its application that the commissioner file in the office of the Secretary of the Commonwealth his certificate reviving Russell Box Company pursuant to the provisions of G. L. (Ter. Ed.) c. 155, § 56; that the application stated that the need therefor arose from the facts that Grant Paper Box Company had obtained a decree in the United States District Court against Russell Box Company for an injunction and for recovery of damages in a suit for infringement of patent, and that revival of Russell Box Company was necessary in order that the decree of the District Court might be carried out, that an assessment of profits and damages might be had, and that Grant Paper Box Company be enabled to obtain its remedies in the premises; and that upon consideration of this application, but without notice to the petitioners, the commissioner caused to be filed in the office of the Secretary of the Commonwealth his certificate, dated March 22, 1949, reviving Russell Box Company for the purpose hereinbefore set forth.

General Laws (Ter. Ed.) c. 155, § 50, as amended by St. 1933, c. 66, gives this court and the Superior Court jurisdiction of petitions by corporations for their dissolution. Section 50A, inserted by St. 1939, c. 456, § 1, as amended by St. 1943, c. 383, provides that in certain circumstances the commissioner may apply to this court for the dissolution of corporations, including as many corporations in a single application as he deems fit, and that the court may decree dissolution "subject to the provisions of sections fifty-one, fifty-two and fifty-six." It was under this section that Russell Box Company was dissolved. Section 51 provides that a corporation whose existence is terminated shall nevertheless be continued as a body corporate for three years for the purpose of prosecuting and defending suits and of enabling it gradually to settle and close its affairs but not for the purpose of continuing its business. Section 52 provides that this court or the Superior Court may appoint receivers for

such a corporation and may continue their powers and the existence of the corporation as long as necessary for such purposes. Section 56, as amended by St. 1939, c. 456, § 2, provides in part that where the commissioner finds that a corporation has been dissolved under § 50A, and that it ought to be revived for all purposes or for any limited time or specified purpose, he may, not later than five years after the date of the decree, upon application by any interested party, file in the office of the Secretary of the Commonwealth a certificate reviving such corporation as aforesaid.

The petitioners contend that § 56 is unconstitutional on the ground that it purports to authorize an administrative officer to reverse or nullify decrees of this court. No statute can do that. Declaration of Rights, art. 30. *Denny* v. *Mattoon*, 2 Allen, 361, 376–380. But § 56 does not purport to authorize the commissioner to reverse or to nullify decrees of this court. The dissolution of corporations, like their creation, is primarily and fundamentally a matter of legislative and not of judicial cognizance. If proof of this were needed it could be found in the multitude of statutes on the books creating and dissolving corporations. Where therefore the Legislature sees fit to confer upon courts some measure of jurisdiction in this field it may, and indeed in order to render the jurisdiction conferred truly judicial it should, lay down with some degree of precision the rules by which the court is to be guided and the limits of power intended to be conferred. When this has been done the court must act in the manner and within the limitations prescribed, and its decrees will have the effect which the Legislature has designed they should have. These principles have been recognized in the decisions. *Matter of New South Meeting-House*, 13 Allen, 497, 504. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 274. *Olds* v. *City Trust, Safe Deposit & Surety Co.* 185 Mass. 500, 505–506. *Cook* v. *Cook*, 270 Mass. 534, 541–542. *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 614–615. *Leventhal* v. *Atlantic Finance Corp.* 316 Mass. 194, 205. See *Syrian Antiochean St. George Orthodox Church of Worcester* v. *Ghize*, 258 Mass. 74, 81. It is

true that in a few special situations, such as where the question is one of forfeiture of a charter for misuse, in the absence of a reserved power of dissolution, intrinsically judicial questions may arise. *Opinion of the Justices*, 237 Mass. 619. But no such situation is here presented, and the fact that such a situation may sometimes exist does not impugn the foregoing statement of principles. It follows that when the decree of this court dissolving the corporation was entered under § 50A it was, by the express terms of that section, "subject to the provisions of" § 56 as much as if the provisions of that section had been written into the decree. The decree of this court dissolving the corporation was entered subject to the qualification that the commissioner, acting in the administrative field under the delegation of legislative power contained in § 56, might revive it. His act in doing so was not in conflict with the decree but was entirely consistent with it. See *Opinion of the Justices*, 234 Mass. 612.

We are unable to see that the constitutionality of § 56 is affected by the very abstract question whether the certificate of the commissioner "reviving" the corporation was in reality an act of new creation rather than strictly an act of bringing back to a limited state of animation that which still possessed some dormant germ of life. If material, it would seem that the latter rather than the former is to be regarded as the correct statement. *Partan* v. *Niemi*, 288 Mass. 111, 113. See *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269, 270–271.

The petitioners next contend that Grant Paper Box Company was not an "interested party" within the meaning of those words in § 56, and therefore had no right to apply to the commissioner under that section. An "interested party" is one who is interested in having the corporation revived. It would seem clear that one who has a pending claim against the corporation may have such an interest. The petitioners' contention seems to rest principally upon the theory that because of the dissolution of Russell Box Company and the lapse of time the suit in the United States

District Court had abated beyond recall, and that Grant Paper Box Company no longer had any plausible claim to enforce. We do not agree. We do not attempt to determine what action Grant Paper Box Company can now take in the United States District Court or elsewhere to enforce its claim. Its application to the commissioner stated that it had a suit pending in which up to that time it had been wholly successful. In view of the effect of revival as provided in § 56 we do not think it at all plain that Grant Paper Box Company has lost all its rights. See *Oklahoma Gas Co.* v. *Oklahoma,* 273 U. S. 257. It is enough for the present that we cannot say as matter of law that Grant Paper Box Company did not have sufficient interest in further pressing its claim to warrant the commissioner in granting a certificate. Generally speaking, it is for the commissioner and not for the court to decide whether on the facts presented to him a certificate ought to issue.

What has just been said bears also upon the final contention of the petitioners that the purpose for which the commissioner revived Russell Box Company "was not a lawful purpose within the meaning" of § 56. The language of that section is very broad indeed as to the purposes for which a corporation may be revived. If nevertheless we assume that there may be some purposes for which the commissioner could not lawfully issue a certificate, we perceive no sound reason why the purpose in this instance was not a proper one. See *Foster* v. *Essex Bank,* 16 Mass. 245, 270–274. It may be observed in this connection that the granting of the certificate was not in itself a determination of any rights or duties. It was preliminary only to necessary action in the courts. It merely made it possible for rights and duties to be considered in the proper forum.

The respondent has argued that the granting of the certificate was a purely administrative act, having no quasi judicial quality, and that for this reason a petition for a writ of certiorari cannot be maintained, citing *Attorney General* v. *Mayor & Aldermen of Northampton,* 143 Mass.

589, and *Maher* v. *Commonwealth*, 291 Mass. 343, 345. See
*Howe* v. *Attorney General*, *ante*, 268, 270. As we have
reached the same result on broader grounds, it seems un-
necessary to consider this contention.

*Petition dismissed.*