■ RACHEL RUBINSTEIN, Respondent, v FRENCH HOSPITAL, Appellant, et al., Defendant.—In a medical malpractice action, defendant French Hospital appeals from an order of the Supreme Court, Kings County, dated February 7, 1975, which denied its motion to dismiss the complaint on the ground that the action was commenced after the Statute of Limitations had expired. Order affirmed, with $50 costs and disbursements. Plaintiff, who was born on August 27, 1952, alleges, *inter alia,* that she was blinded after birth due to the negligence of appellant. Appellant contends that the action, commenced on September 3, 1974, is barred by CPLR 208, which provides, in pertinent part, that "If a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases". The applicable period within which this action for medical malpractice had to be commenced was three years, as governed by the then applicable provisions of CPLR 214. We note that the recent amendments to the CPLR concerning the period of limitation applicable to medical malpractice actions do not apply; the acts alleged herein occurred prior to July 1, 1975, the effective date of those amendments (see L 1975, ch 109, § 5). Appellant urges that by reason of CPLR 105 (subd [j]) which, for the purposes of the CPLR, defines "infant" as a person who has not attained the age of 18 years, plaintiff's disability of infancy terminated when she attained the age of 18 years and that, pursuant to CPLR 208, her action for medical malpractice had to be commenced by August 27, 1973, three years after her eighteenth birthday, notwithstanding that· the definition of "infant" did not become effective until September 1, 1974 (L 1974, ch 924). Appellant supports its theory by citing a portion of Professor McLaughlin's commentary (Supplementary Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR C208:5) in which he states, in pertinent part: "The amendments become effective on September 1, 1974, and raise the question whether a plaintiff who is, say, nineteen in July, 1974, will be affected by the amendment. If he is, then obviously the toll for infancy will end on September 1, 1974; if he remains entitled to rely upon the original version of CPLR 208, the plaintiff may invoke the disability until he is twenty-one years of age. Although an argument could be constructed from CPLR 218(b) that plaintiff is entitled to the longer statute of limitations provided by the former CPLR 208, the writer believes this to be unsound. The legislative history of CPLR 218 and, indeed, its very caption suggest that CPLR 218 was to apply only to causes of action which accrued under the Civil Practice Act. Accordingly, an amendment to the CPLR should not trigger the transitional provision of the CPA-CPLR, and even if the effect of the amendment is to abbreviate the time in which the plaintiff must bring the action, the amendment should be effective on its prescribed date. See *Hoff Research & Development Co. v Philippine Bank,* C.A.N.Y.1970, 426 F2d 1023." In the instant case, plaintiff had already attained the age of 21 years when the amendments became effective, unlike the plaintiff in Professor McLaughlin's hypothetical statement. We conclude that this plaintiff timely commenced the action on September 4, 1974. If we were to adopt appellant's theory, the result would be analogous to the unconstitutional act of shortening a statute of limitations without affording an aggrieved plaintiff a reasonable opportunity to commence suit (cf. *Gilbert v Ackerman,* 159 NY 118; *Halsted v Silberstein,* 196 NY 1), and would create the anomalous result of requiring her to have

commenced this action prior to the enactment of the amendments in question. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.