N. Laurence WILLEY, Jr.

v.

Robert BROWN et al.

Supreme Judicial Court of Maine.

Aug. 15, 1978.

Libhart, Ferris & Dearborn by Joseph L. Ferris (orally), Brewer, for plaintiff.

Mitchell, Ballou & Keith by John W. Ballou (orally), Bangor, for Worcester Lawnmower Co. and Savage Arms Corp.

Vafiades, Brountas & Kominsky by Susan Kominsky, Bangor, for Robert Brown.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

# 1040

POMEROY, Justice.

By complaint dated July 30, 1976, plaintiff instituted this action seeking compensation for injuries allegedly incurred due to the faulty construction of a lawnmower owned and operated by plaintiff's grandfather.[1]

Defendants seasonably moved to dismiss the action on the grounds that it was not timely filed, the applicable statute of limitations having run. From a Superior Court, Penobscot County, order granting that motion, plaintiff brings this appeal.

We deny the appeal.

Plaintiff raises two points on appeal. First, that the statute lowering the age of majority from twenty-one to twenty was unconstitutionally applied and, second, that defendant Worcester Lawnmower Company's involuntary dissolution in its state of incorporation caused it to be absent from Maine, thereby tolling the running of the statute of limitations. We shall address each issue in turn.

## I.

We are presented here for the first time with the question whether an amendment reducing the age of majority applies, as of its effective date, to persons who would have been considered minors under the previous law, but who have attained the age of majority prescribed in the amendment.

14 M.R.S.A. § 752 (1964) provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards." When the plaintiff is a minor, however, 14 M.R.S.A. § 853 (1964)[2] tolls the running of the six-year period until the plaintiff's disability is removed, *i. e.*, at the age of majority.

On November 24, 1956, the date of the incident furnishing the basis of this action, plaintiff was seven years old. Maine, at that time and up until October 1, 1969, followed the common law rule that an infant attains the age of majority on the day before the twenty-first anniversary of his birth. *Inhabitants of the Town of Gouldsboro v. Inhabitants of Town of Sullivan*, 132 Me. 342, 170 A. 900 (1934). The Legislature, however, by enacting P.L.1969, c. 433, § 8 (now 1 M.R.S.A. § 73) reduced the age of majority to twenty,[3] effective October 1, 1969, nineteen days after plaintiff had reached his twentieth birthday. (September 11, 1969).

Defendants argue that the six-year period began to run on October 1, 1969, thus barring any actions, such as plaintiff's, filed after October 1, 1975. Plaintiff, on the other hand, argues that because he had reached age twenty before the effective date of P.L.1969, c. 433, § 8, its application to his cause of action would be retroactive. Further, that since the Legislature failed to provide a reasonable grace period in which persons with existing rights could assert them, any retroactive application would be unconstitutional. *Citing Miller v. Fallon*, 134 Me. 145, 183 A. 416 (1936).

We disagree on both points.

▮ In order for plaintiff to succeed in his claim of retroactivity, he would have to show that the statute reducing the age of majority was "applied so as to result in a finding that the infant's disability, or the appropriate statute of limitations, had expired prior to the effective date of the amendment[s] when the disability or stat-

---

1. Plaintiff alleged in his complaint that defendant Brown, d/b/a Brown's ESSO Station, sold the lawnmower to plaintiff's grandfather and, that it was manufactured by defendant Worcester Lawnmower Co., a division of defendant Savage Arms Corp.

   Plaintiff grounded his complaint on counts of negligence, breach of warranty and strict tort liability.

2. 14 M.R.S.A. § 853 (1964) reads in pertinent part:

   If a person entitled to bring any of the actions under sections 752 to 754, 851 and 852 is a minor, . . . when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

3. The age of majority was subsequently reduced to eighteen, P.L.1972, c. 598, § 8 (effective June 9, 1972). The parties, however, concur as to the inapplicability of that reduction to this case.

ute of limitation had not yet expired under the original version of the statute." *Atwell v. Playland Rye Commission, Westchester County,* 86 Misc.2d 13, 15, 380 N.Y.S.2d 845, 847 (1975). Such a situation is clearly not presented by this case. Neither plaintiff's disability nor the six-year period expired prior to October 1, 1969. Rather, the plaintiff was provided a full six years from that date in which to pursue his claim. Any argument based on a claim of retroactivity is, therefore, clearly without merit.

■ Even assuming, arguendo, that application of the amendment was, in some manner, retroactive, plaintiff still fails to make a case. He argues that the Legislature failed to provide a reasonable time period within which persons with existing rights could assert them. Plaintiff was, however, as were others similarly situated, afforded six full years to assert his claim. We find that period to be reasonable. *See Feest v. Allis Chalmers Corp.,* 68 Wis.2d 760, 229 N.W.2d 651 (1975) (one year period was reasonable) and, *Atwell v. Playland Rye Commission, Westchester County, supra* (nine-month period was reasonable).

The conclusions expressed above are fully consistent with those of other jurisdictions faced with the issue now before us. On facts not unlike those herein, the New York Supreme Court in *Robusto v. Johnson,* 87 Misc.2d 76, 385 N.Y.S.2d 246 (1976), held that the toll resulting from plaintiff's minority ceased on the effective date of the statute lowering the age of majority from twenty-one to eighteen. In reaching its conclusion, the Court specifically rejected the argument plaintiff presents here: "allowing [six] years from [October 1, 1969] to commence an action in no way shortens the time for enforcement of an existing right." 385 N.Y.S.2d at 248.

The Tennessee Supreme Court reached a similar conclusion in *Arnold v. Davis,* Tenn., 503 S.W.2d 100 (1973). Therein, the amendment lowering the age of majority to eighteen became effective after plaintiff's eighteenth birthday, but before he would have reached majority under the previous law. In holding that the toll ended on the amendment's effective date, thereby barring plaintiff's action which had been commenced more than one year thereafter, the statute of limitations provided by the amendment being one year, the Court stated: "this construction involves no retrospective application. . . . Thus, the premise upon which plaintiff predicates his attack of unconstitutionality, to wit: that his disability of minority was retroactively removed on his 18th birthday, simply does not exist." 503 S.W.2d at 102.

In light of our own conclusions and those reflected in the cases discussed above, plaintiff's argument regarding retroactivity cannot stand. It follows that the Superior Court order dismissing plaintiff's action, at least with regard to defendant Brown, was without error.[4]

II.

■ Plaintiff's second point on appeal raises the question whether the involuntary dissolution of a corporate defendant causes it to be "absent from the State of Maine" for purposes of tolling the statute of limitations, as provided in 14 M.R.S.A. § 866 (1964).[5]

Defendant Worcester Lawnmower Co., a corporation chartered under the laws of Massachusetts, was involuntarily dissolved pursuant to Mass.Gen.Law Ann. ch. 156B. It was subsequently revived on May 6, 1976 by order of the Massachusetts Secretary of State, solely for the purpose of defending this action. *See* Mass.Gen.Laws Ann. ch.

---

4. Plaintiff cites several cases to support his position. *See e. g., Rubinstein v. French Hospital,* 51 A.D.2d 563, 378 N.Y.S.2d 457 (1976) and *Stephens v. Stephens,* 85 Wash.2d 290, 534 P.2d 571 (1975). These cases, however, are factually distinguishable and therefore, provide no support to plaintiff's argument.

5. 14 M.R.S.A. § 866 (1964) reads in relevant part:

If a person is absent from and resides out of the State, after a cause of action has accrued against him, the time of his absence from the State shall not be taken as a part of the time limited for the commencement of the action.

156B, § 108. Plaintiff argues that during its period of dissolution, defendant was *"absent"* from the State of Maine, thus precluding the statute of limitations from running.

It is indisputable that a Maine Court can assert jurisdiction over a limited class of foreign corporations. *See* 14 M.R.S.A. § 704–A (Supp.1977). In order to ascertain whether or not a corporation exists as an entity amenable to suit, however, we must look to the law of Massachusetts. *Pacific Intermountain Express v. Best Truck Lines*, Mo.App., 518 S.W.2d 469 (1974) ("a corporation's charter and the laws of its domicile govern with respect to the fact and duration of the existence of the corporation." *Id.* at 472); Restatement (Second) of Conflicts of Laws § 299(1) (1969) (whether the existence of a corporation has been terminated or suspended is determined by the local law of the state of incorporation).

The Massachusetts courts do not appear to have directly faced the issue now confronting us. There are, however, several cases in which the Massachusetts Supreme Judicial Court has indicated that given the opportunity, it would adopt a position contrary to that espoused by plaintiff. In *Salvato v. Di Silva Transportation Co.*, 329 Mass. 305, 108 N.E.2d 51 (1952), the Court, although eventually deciding the case on alternative grounds, stated:

An argument could be made that, inasmuch as the statutory dissolution took effect subject to revival under § 56, and revival under that section actually occurred, there must have been at all times some shred of corporate existence, enough so that there was something to revive.[6]   108 N.E.2d at 53.

Likewise, in *Russell Box Co. v. Commissioner of Corporations and Tax.*, 325 Mass. 536, 91 N.E.2d 750 (1950), the Court, again resolving the conflict by other means, said:

[W]e are unable to see that the constitutionality of § 56 is affected by the very abstract question whether the certificate of the commissioner "reviving" the corporation was in reality an act of new creation rather than strictly an act of bringing back to a limited state of animation that which still possessed some dormant germ of life. If material, it would seem that the latter rather than the former is to be regarded as the correct statement. 91 N.E.2d at 753.

Finally, the Court in *Partan v. Niemi*, 288 Mass. 111, 192 N.E. 527 (1934) (dictum) said: "an *extinct* corporation can hardly be revived as provided in section 56. That provision imports something of a continued corporate entity." 192 N.E. at 528. (emphasis added).

We are convinced from the statements in the above cases that if presented directly with the issue, the Massachusetts Supreme Judicial Court would find that dissolution of a corporation does not obliterate all evidence of its existence, but rather, merely places it in a state of dormancy, subject to revival under the relevant statutory provisions.

We hold that defendant Worcester Lawnmower Co. had a sufficient corporate identity during its period of dissolution over which a Maine court could assert jurisdiction.[7] It therefore, necessarily follows that

---

**6.** Massachusetts law provides two methods for reviving a previously dissolved corporation. *See* Mass.Gen.Laws Ann. ch. 155, § 56 and ch. 156B, § 108 (the applicable section herein.) Both sections allow revival for general or specific purposes, with ch. 155, § 56, unlike ch. 156B, § 108, requiring revival within five years after dissolution.

Although the two provisions are geared to differing factual frameworks, the theoretical underpinnings are the same; each section encompassing a mechanism whereby a dissolved corporation can be reimbued with corporate life.

Given this similarity, cases dealing with ch. 155, § 56 are equally applicable to ch. 156B, § 108, at least with regard to the issue presented herein.

**7.** Plaintiff has not argued on appeal that defendant's dissolution precluded a Maine court from exerting jurisdiction over defendant pursuant to 14 M.R.S.A. § 704–A (Supp.1977). Plaintiff thereby concedes the Superior Court's jurisdiction in the event that we find, through

 

defendant was not "absent" for purposes of tolling the statute of limitations.

The entry must be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.

the application of Massachusetts' law, some shred of corporate existence. *C. f. Wilde v. Pens Unlimited*, Me., 389 A.2d 837, 841 n.6 (1978); *State v. Campbell*, Me., 314 A.2d 398 (1974).