DEVLIN CONSTRUCTION CORP. *vs.* DRIFTWAY SOUTH CONSTRUCTION CORP. July 22, 1982. The sole issue presented in this appeal is whether a corporation, revived pursuant to G. L. c. 156B, § 108, may maintain an action instituted prior to its revival but after the expiration of the three-year period provided by G. L. c. 156B, § 102, for the winding up of corporate affairs following dissolution. Based on the statement of the proceedings submitted by the parties and approved by the judge pursuant to Mass.R.A.P. 8(c), as appearing in 378 Mass. 933 (1979), it appears that the defendant is a Massachusetts corporation which was dissolved by the Supreme Judicial Court on July 14, 1976. Approximately three years and three months after that dissolution, the defendant invoked the arbitration provision of a 1973 construction contract to resolve a dispute with the plaintiff concerning certain windows installed by the plaintiff in a Scituate medical building. After a hearing before an arbitrator (in which the plaintiff unsuccessfully argued that the defendant was not entitled to maintain the arbitration proceeding because of its 1976 dissolution), the

defendant received an award of $25,000. Thereafter, the plaintiff instituted the present action pursuant to G. L. c. 251, § 12, to vacate that award. The plaintiff's application was heard in the Superior Court on August 24, 1981. During that hearing the defendant informed the judge that revival proceedings had been instituted with the State Secretary and requested that the judge postpone any decision on the matter pending the issuance of the revival certificate. The judge agreed to take the entire matter under advisement. Although the revival certificate was subsequently obtained and delivered to the judge before 4:00 P.M. that day, the award was vacated on August 24.

Resolution of the present question is governed by G. L. c. 156B, § 108, inserted by St. 1964, c. 723, § 1. In pertinent part, it provides that once a revival certificate is filed by the State Secretary, the corporation "shall stand revived with the same powers, duties and obligations as if it had not been dissolved . . . and all acts and proceedings of its officers, directors and stockholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall . . . stand ratified and confirmed." That language mandates the conclusion that where, as here, a revival certificate is filed prior to the entry of judgment, the right of the revived corporation to maintain the action is retroactively restored, at least to the date on which the three-year period provided for in § 102 expired. That conclusion is fully supported by the Supreme Judicial Court's suggestion in *Salvato* v. *DiSilva Transp. Co.*, 329 Mass. 305, 307-308 (1952), that a revival effected under G. L. c. 155, § 56, as amended by St. 1939, c. 456, § 2, restored the obligation of the revived corporation to defend an action brought against it after the expiration of the period provided in G. L. c. 155, § 51. See *Kennedy* v. *Strand Radio Sales and Serv., Inc.*, ante 935 (1982). See also *Russell Box Co.* v. *Commissioner of Corps. and Taxn.*, 325 Mass. 536 (1950). Our decision in *Alexander* v. *Casco Music Syss., Inc.*, 3 Mass. App. Ct. 716 (1975), relied upon by the judge in vacating the award, did not involve revival of a dissolved corporation and is not controlling in the circumstances of this case. The order vacating the award is reversed, and a new order is to be entered dismissing the complaint.

*So ordered.*

The case was considered on briefs.
*Warren G. Miller* for the defendant.
*James F. Freeley, Jr.,* for the plaintiff.