**MAINE MEDICAL CENTER, et al.**

v.

**Karen L. COTE and Beau Cote.**

Supreme Judicial Court of Maine.

Argued May 29, 1990.

Decided July 11, 1990.

---

Gerald Petruccelli (orally), Petruccelli, Cox & Martin, Robert Hanson, Norman, Hanson & Detroy, Ernest Babcock, Friedman & Babcock, Portland, for plaintiffs.

Kenneth W. Hovermale, Elizabeth Mulvey (orally), Bornstein & Hovermale, Portland, for defendants.

George W. Beals, Portland, for amicus curiae Maine Trial Lawyers Ass'n.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendants, Karen Cote and her minor son Beau Cote, appeal the judgment on the pleadings entered in the Superior Court (Cumberland County, *Alexander, J.*) in favor of the plaintiffs, Maine Medical Center, Christiane Northrup, M.D., and Allan C. McLean, M.D., in their action for a declaratory judgment that the Cotes' medical malpractice claims against the plaintiffs were barred by the provisions of 24 M.R.S.A. § 2902 (1990).[1] We find no error in the record and affirm the judgment.

In September 1988, the Cotes served the plaintiffs with notices of claims, pursuant to 24 M.R.S.A. § 2903 (1990), alleging that due to the plaintiffs' negligent medical care Beau Cote has suffered from cerebral palsy since his birth on August 28, 1979. The plaintiffs filed this action seeking a declaration that the Cotes' claims were time-barred. After a hearing, the court granted the plaintiffs' motion for a judgment on the pleadings and also granted their motion to quash the Cotes' subpoena of the plaintiffs' liability insurers and ordered the protection of those insurers from the Cotes' inquiry as to their financial condition. The stated purpose of the Cotes' proposed inquiry was to demonstrate that these insurers had mis-led the Legislature concerning the necessity for the enactment of tort reforms in 1986. The Cotes now appeal, challenging both the declaratory judgment and the protective order.

In 1986, the Legislature repealed former section 2902 and replaced it with the present section as part of a tort reform package. *See* P.L.1985, ch. 804. The present section 2902, effective August 1, 1988, modifies a longstanding statutory recognition that the statutes of limitations applicable to various actions were tolled during the minority of a claimant. 14 M.R.S.A. § 853 (Supp.1989).[2] The Cotes challenge section 2902 on several constitutional grounds.

The Cotes first contend that section 2902 violates article I, section 19, the "open courts" provision of the Maine Constitution. Section 19 states that "[e]very person, for an injury inflicted on the person or the person's reputation, property or immunities, shall have remedy by due course of law; and right and justice shall be administered freely and without sale, completely and without denial, promptly and without delay."[3] The Cotes assert that this constitutional provision is an independent, substantive guarantee of specific rights. They argue that section 2902 effectively forecloses a child under the age of twelve years at the time of the accrual of an action for the alleged professional negligence of a health care provider from ever bringing an action in the child's own name, thus violating this substantive guarantee.

1. 24 M.R.S.A. § 2902 provides, in pertinent part:

   Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. Notwithstanding the provisions of Title 14, section 853, relating to minority, actions for professional negligence by a minor shall be commenced within 6 years after the cause of action accrues or within 3 years after the minor reaches the age of majority, whichever first occurs.

2. 14 M.R.S.A. § 853 provides:

   If a person entitled to bring any of the actions under sections 752 to 754, including section 752–C, and under sections 851, 852 and Title 24, section 2902 is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

   Predecessor statutes to 14 M.R.S.A. § 853 date back to R.S.1821, ch. 62, § 9, providing, *inter alia*, that the statute of limitations applicable to various designated actions "shall not be understood to bar any infant ... from bringing ... such action, reckoning from the time that such impediment shall be removed...."

3. Article I, section 19 was amended by Amendment CLVIII approved November 8, 1988, effective November 28, 1988. By the Amendment, the words "the person or the person's" was substituted for the words "him or his person".

The open courts provision means the courts must be accessible to all persons alike without discrimination, at times and places designated for their sitting, and afford a speedy remedy for every wrong recognized by law as remediable in a court. We do not construe section 19 as prohibiting reasonable limits on the time within which a claimant must seek redress in the courts. The absence of a tolling provision for a legal disability thus making a claimant dependent on another to assert his rights does not *per se* offend article I, section 19 of the Maine Constitution. *See McCutchen v. Currier*, 94 Me. 362, 47 A. 923 (1900) (disability arising after accrual of cause of action barred by two-year statute of limitations). The only issue of constitutional significance is whether such time limits are so unreasonable as to deny meaningful access to the judicial process. As long ago as 1874 we stated that:

> The power of the legislature to shorten the period at the expiration of which the limitation bar shall take effect provided they allow a reasonable time for parties to bring suit before their claims shall be deemed barred by the new enactment, and do not absolutely deprive the [claimant] of his remedy under color of regulating it, has been too often recognized by courts of the highest respectability to be questioned now.

*Sampson v. Sampson*, 63 Me. 328, 333 (1874); *see also Miller v. Fallon*, 134 Me. 145, 148, 183 A. 416, 417 (1936) ("It is ... well settled that statutes of limitation may be made applicable to existing rights and causes of action provided a reasonable time is allowed for the prosecution of claims thereon before the right to do so is barred.").

■ Here, section 2902 did not foreclose Beau Cote's access to the courts. His alleged claim accrued on August 28, 1979, the date of his birth. Section 2902 was enacted on April 26, 1986 to be effective August 1, 1988. In fact, Beau Cote had had seven years prior to the enactment of section 2902 in which to institute an action. Section 2902 extended that time in excess of two years. We hold that the time limits provided in section 2902 do not deny meaningful access to the judicial process by a child under the age of twelve years at the time of the accrual of an action for alleged negligent medical care. Accordingly, the Cotes' contention that section 2902 violates article I, section 19 of the Maine Constitution must fail.

■ The Cotes also contend that section 2902 violates the equal protection clause of the Maine Constitution because it unfairly discriminates against minors with a claim of medical malpractice as opposed to minors with a claim based on other types of negligence. The Cotes argue that this classification is arbitrary and cannot be rationally related to a legitimate government purpose. We have previously stated that "[t]he State in its fullest exercise of sovereignty has the inherent power to pass regulations designed to promote the public health, safety and welfare," *Shapiro Bros. Shoe Co. v. Lewiston–Auburn Shoeworkers Protective Ass'n*, 320 A.2d 247, 254 (Me.1974), and that "the regulatory means must bear a rational relationship to the evil sought to be corrected." *National Hearing Aid Centers, Inc. v. Smith*, 376 A.2d 456, 461 (Me.1977). The stated purpose of the tort reform bill was "to expedite the resolution of medical liability claims in order to decrease the high costs of medical professional liability insurance." L.D.2065, Statement of Fact (112th Legis.1986).

A statute of limitation, by definition arbitrary, is enacted to provide potential defendants with the assurance of eventual repose from claims made stale by the passage of time. *See Langevin v. City of Biddeford*, 481 A.2d 495, 498 (Me.1984); *Myrick v. James*, 444 A.2d 987, 995 (Me. 1982). It is of necessity a potent element in any reform of tort law. We have heretofore recognized that "[t]he production of evidence and records necessary to meet [medical] malpractice claims becomes progressively more difficult with time." *Tantish v. Szendey*, 158 Me. 228, 230, 182 A.2d 660, 661 (1962). As a court, we must assume that section 2902 represents the Legislature's considered judgment concerning the most effective manner of decreasing the premium costs of medical professional

liability insurance. "It is not necessary that the methods adopted by the legislature be the best or wisest choice. No matter how much the court might have preferred some other procedure, if the measure is reasonably appropriate to accomplish the intended purpose we must give it effect." *National Hearing Aid Centers*, 376 A.2d at 461. Applying this analysis, we are unable to say that section 2902 is irrational as it relates to the stated legislative purpose.[4]

Alternatively, the Cotes urge us to apply a "strict scrutiny" analysis to section 2902. In federal equal protection analysis, strict scrutiny is reserved for "suspect classifications" such as race, alienage, *see, e.g., Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (race); *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage), or "fundamental interests" like a franchise right or the right to fair representation. *See e.g., Harper v. Virginia Board of Elections*, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (right to vote); *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (right to fair representation). The Cotes argue that the ability to pursue a common law negligence action is a fundamental right, and the State therefore has the burden of demonstrating a compelling need for section 2902's classification of minors by the type of negligence action. This argument fails because we have never held, nor do we now hold, that the pursuit of a negligence action is a fundamental right.

We also observe that the fourteenth amendment to the United States Constitution has never been interpreted to require that state statutes of limitations be tolled during minority. In *Vance v. Vance*, 108 U.S. 514, 2 S.Ct. 854, 27 L.Ed. 808 (1883), the United States Supreme Court held that the federal constitution "gives to minors no special rights beyond others," and "it [is]

within the legislative competency" of states "to make exceptions in their favor or not." *Id.* at 521, 2 S.Ct. at 859. Tolling statutes "do not rest upon any general doctrine of the law that they cannot be subjected to ... action" by state legislatures. *Id.* See also *Murray v. City of Milford*, 380 F.2d 468, 473 (2d Cir.1967); *Shaw v. Zabel*, 267 Or. 557, 517 P.2d 1187, 1188 (1974); *Lametta v. Connecticut Light & Power Co.*, 139 Conn. 218, 92 A.2d 731, 733 (1952).

The Cotes also contend that section 2902 was retroactively applied and therefore violative of the Maine Constitution. They argue that section 2902 extinguished their right to sue on the statute's effective date with no time granted after that date to file a prior accrued claim. It is a fundamental rule of statutory construction that all statutes will be considered to be prospective in operation unless a contrary legislative intent is clearly expressed or necessarily implied from the language used. We have previously held that determinations of retroactivity must be governed by considerations of reasonableness. In *Willey v. Brown*, 390 A.2d 1039 (Me.1978), the plaintiff argued that a legislative enactment reducing the age of majority from twenty-one to twenty was unconstitutionally retroactive because it lacked "a reasonable grace period in which persons with existing rights could assert them...." *Id.* at 1040. This change became effective only days after the plaintiff's twentieth birthday. We held, however, that the enactment was reasonable because the statute of limitations for civil actions afforded the plaintiff six full years to assert his claim after his twentieth birthday, even on a previously accrued claim. *Id.* at 1041.

In the case before us, revised section 2902 was enacted on April 26, 1986, but its *effective* date was August 1, 1988, over 27

---

4. In the instant case, if the time limitations provided in section 2902 were tolled from the date of Beau Cote's birth on August 28, 1979 throughout his minority and only began to run when he reached the age of eighteen years, it would not expire until August 28, 2000. Be-

cause of the difficulties and added expenses of defending a "stale" claim, such an extended lapse of time between the accrual of a cause of action and the institution of legal process rationally could be determined to increase the cost of medical liability insurance.

months from the date of enactment.[5] The Legislature apparently chose between two alternatives when it enacted section 2902: it could have made the enactment effective immediately and granted a subsequent grace period in which minors with accrued claims could commence an action, or it could instead defer section 2902's effective date. Either alternative accomplishes the same objective. In the present case the grace period provided by the Legislature between the date of the enactment and the effective date of section 2902 was a reasonable period of time in which to file accrued claims.

Finally, the Cotes seek to lift the Superior Court's order protecting the plaintiffs' insurers from inquiry as to their finances in order to enable the Cotes to demonstrate that the insurance industry misled the Legislature and that there was, in fact, no reasonable basis for these amendments. Without reference to any authority, they argue that the entire package of amendments to the Maine Health Security Act is unconstitutional because it "imposes significant burdens upon injured claimants for the sole benefit of the health care providers and their insurers." As we have previously stated, "[d]ebatable questions regarding the appropriateness of enactments should be resolved in the legislature, not in the courts." *National Hearing Aid Centers*, 376 A.2d at 461. Accordingly, we hold that the Superior Court properly ordered the protection of the plaintiffs' professional liability insurers from the Cotes' proposed inquiry as to the financial condition of those insurers.

The entry is:

Judgment affirmed.

All concurring.

---

**5.** On this basis the present case is readily distinguishable from the issue presented to us in *Miller v. Fallon*, 134 Me. 145, 183 A. 416 (1936), where the statute did not provide for any grace period after either the date of enactment or the effective date.