STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-12-05
JCN-Cum-2/21/2012

)
MICHAEL MAHAR, Personal )
Representative of the ESTATE OF )
MYRTLE J. MAHAR, )
)
             Plaintiff, )
)
v. )
)
PETER E. SULLIVAN, )
)
             Defendant )
)

**DECISION AND ORDER**
(Motion to Dismiss)

This matter is before the Court on Defendant Peter Sullivan's Motion to Dismiss this negligence action in which Plaintiff seeks to recover damages allegedly resulting from Myrtle Mahar's exposure to asbestos while employed at the Georgia Pacific/Domtar plant in Woodland, Maine from 1977 to 2008. Through his motion, Defendant contends Plaintiff's claim is barred by the corporate shield of Sullivan & Merritt, Inc., and by the statute of repose.

Factual Background

Taking the material allegations in the complaint as true, *see Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996), the record establishes the following facts. Plaintiff is the personal representative of the Estate of Myrtle Mahar. (Compl. ¶ 1.) Myrtle Mahar (the Decedent) was diagnosed with malignant mesothelioma in July 2008, and died on October 2, 2009. (Compl. ¶¶ 2, 5.) The Decedent was employed from 1977 through July 2008 by Georgia-Pacific/Domtar Corp., and worked at a plant in Woodland, Maine (the "Woodland plant"), owned and operated by Georgia-Pacific, and later Domtar Corp. (Compl. ¶ 6.)

Entered on the Docket: 2-29-12
Copies sent via Mail ___ Electronically ✓

1

Defendant Sullivan is a former officer and principal owner of Sullivan & Merritt, Inc., a corporation that was incorporated under the laws of the State of Maine. (Compl. ¶ 8.) Sullivan & Merritt dissolved on November 29, 1988. (Compl. ¶ 9.) Beginning in the 1970s and continuing throughout its corporate existence, Sullivan & Merritt performed contract work at the Woodland plant that included the removal of asbestos insulation. (Compl. ¶¶ 10-11.) The agents, servants, and employees of Sullivan & Merritt did not properly isolate the areas in which they performed this work, which resulted in Decedent's exposure to asbestos fibers. (Compl. ¶¶ 12, 12a.)[1]

Plaintiff alleges that Defendant Sullivan was negligent by "failing to exercise reasonable care and thereby increasing the risk of physical harm to Myrtle Mahar" (Compl. ¶ 14(a)); by "permitting his agents, servants, and employees to perform their work in a manner that increased the risk of harm to Myrtle Mahar" (Compl. ¶ 14(b)); by "failing to adequately supervise or instruct the agents, servants, and employees of Sullivan & Merritt in the proper methods of doing their work at Georgia-Pacific" (Compl. ¶ 14(c)); by "failing to adequately supervise or instruct the agents, servants, and employees of Sullivan & Merritt to take proper precautions not to release asbestos dust and fibers into the working atmosphere at the Plant" (Compl. ¶ 14(d)); by "failing to cordon off or place the proper equipment or barriers necessary to prevent the release of asbestos dust and fibers in the workplace where Decedent worked" (Compl. ¶ 14(e)); by "failing to advise Georgia-Pacific/Domtar that they encountered asbestos and having the asbestos abated prior to performing their contract work" (Compl. ¶ 14(f)); and "in otherwise failing to take necessary precautions to avoid harming Myrtle Mahar, who was present and in the area of the Plant in which Sullivan & Merritt, Inc., performed the work described above." (Compl.

---

[1] The complaint includes two paragraphs designated as "12." The Court refers to the second paragraph as "12a."

¶ 14(g)). As a result of Defendant Sullivan's alleged negligence, Plaintiff seeks damages for the Decedent's medical bills, pain and suffering, loss of income, and impairment of earning capacity. (Compl. ¶ 8a.)[2]

Plaintiff filed suit in September 2011. In response to Plaintiff's complaint, Defendant Sullivan moved to dismiss the complaint.

Discussion

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw*, 683 A.2d at 503 (quotation marks omitted). When reviewing a motion to dismiss, the Court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quotation marks omitted).

Defendant Sullivan asserts that because Plaintiff seeks to hold Defendant Sullivan personally liable for Decedent's damages, Plaintiff was required to allege sufficient facts to pierce the corporate veil of Sullivan & Merit.[3] Plaintiff counters that Defendant Sullivan is responsible for Decedent's damages "because his own acts or omissions created the risk of [the Decedent's] injuries."

---

[2] The final paragraph in the complaint is designated as "8." The Court refers to it as "8a."

[3] A party seeking to pierce the corporate veil must establish "that the other party abused the privilege of a separate corporate identity and an unjust or inequitable result would occur if the court recognized the separate corporate existence." *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 10, 901 A.2d 189, (quotation marks omitted).

3

Plaintiff correctly argues that

> piercing the corporate veil is not the only theory for holding corporate employees or agents individually liable to third parties. Corporate officers who participate in wrongful acts can be held liable for their individual acts, and such liability is distinct from piercing the corporate veil. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). The individual liability stems from participation in a wrongful act, and not from facts that must be found in order to pierce the corporate veil.

*Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 13, 901 A.2d 189; *accord Blue Star Corp. v. CKF Props., LLC*, 2009 ME 101, ¶ 44, 980 A.2d 1270. Thus, to the extent that Plaintiff asserts that Defendant Sullivan personally participated in the alleged negligence that caused the Decedent's injuries, Plaintiff's complaint would survive Defendant's motion even without factual allegations that would justify piercing the corporate veil. *See also* 3A Jennifer L. Berger, Carol A. Jones, and Britta M. Larsen, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS §§ 1134-37 (2002 ed.).

In further support of his request for dismissal, Defendant Sullivan argues that the statute of repose in effect at the time of the dissolution of Sullivan & Merritt, 13-A M.R.S.A. § 1122 (1981), bars Plaintiff's claim. "A statute of repose is a 'statute barring any suit that is brought after a specified time since the defendant acted . . . , even if this period ends before the plaintiff has suffered a resulting injury.'" *Baker v. Farrand*, 2011 ME 91, ¶ 16 n.4, 26 A.3d 806 (quoting BLACK'S LAW DICTIONARY 1546 (9th ed. 2009)). The general purpose of a statute of repose is "to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims." *Harkness v. Fitzgerald*, 1997 ME 207, ¶ 5, 701 A.2d 370. During the relevant time period, section 1122 provided:

### § 1122. Survival of remedy after dissolution; liquidating trustees

1. The dissolution of a corporation, either by the filing by the Secretary of State of the articles of dissolution or by a decree of court, shall not take away or

4

impair any remedy available *to or against such corporation, its directors, officers or shareholders* for any right or claim existing, or any liability incurred, prior to such dissolution, if action or other proceeding thereon is commenced within 2 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protest such remedy, right or claim.

2. After dissolution of a corporation, the directors as of the date of dissolution, or the survivors of such directors shall be deemed liquidating trustees of the corporation with authority to take all action necessary or appropriate to dispose of any undistributed property of the corporation.

13-A M.R.S.A. § 1122 (emphasis added), *repealed by* P.L. 2001, ch. 640, § A-1 (effective Jul. 1, 2003). Although Plaintiff contends that the statute of repose is a "survival statute" that does not extinguish a person's liability, the Law Court has applied the present corporate dissolution statute to preclude recovery in a case asserting several asbestos-related causes of action. *See Godbout v. WLB Holding, Inc.*, 2010 ME 46, ¶ 5, 997 A.2d 92 (applying 13-C M.R.S. §§ 1407-08 (2009), which imposes a three-year statute of repose on claims against a dissolved corporation). There, the plaintiffs filed suit nearly four years after the defendant corporation issued a public notice of dissolution. *Id.* ¶ 2. The Law Court affirmed the trial court's dismissal of the suit as barred by the statute of repose. *Id.* ¶ 9.

The statute at issue in this case differs slightly from the current version: section 1122 precludes an action based on liability incurred *prior* to the dissolution of the corporation. Nevertheless, as Plaintiff argues, the corporate dissolution statute stands in derogation of the common law. A dissolved corporation is "dead, except so far as [the corporate dissolution statute] continue[s] its existence . . . to prosecute and defend suits; to settle and close its concerns; to dispose of its property; and to divide its capital." *Me. Shore Line R.R. Co. v. Me. Cent. R.R. Co.*, 92 Me. 476, 482, 43 A. 113, 115 (1899) (quotation marks omitted). After the

5

statute of repose has expired, a dissolved corporation "has no corporate existence and can neither recover judgment nor suffer one against itself." *Id.* Statutes of repose "should be construed strictly in favor of the bar which it was intended to create" in order "to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims." *Nuccio v. Nuccio*, 673 A.2d 1331, 1334 (Me. 1996). Given that section 1122 stands in derogation of the common law, and given that it bars claims against a corporation and its officers, directors and shareholders filed more than two years after the dissolution of the corporation, to the extent that the complaint alleges a cause of action against Sullivan in his capacity as a shareholder or director of Sullivan & Merritt, Plaintiff's complaint would be barred by the statute of repose.

Section 1122, however, is designed to provide repose for claims against corporations and corporate representatives in their corporate capacities. A person who *individually* owed a duty to use reasonable care, but breached that duty, would not fall within section 1122. Here, because at least some of the allegations can be construed as asserting that Defendant Sullivan failed to act reasonably in his individual capacity,[4] the Court cannot conclude that it is "beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim" at this stage in the litigation. *Shaw*, 683 A.2d at 503 (quotation marks omitted).

Conclusion

Based on the foregoing analysis, the Court denies Defendant's motion to dismiss. Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 2/31/12

Justice, Maine Business & Consumer Court

---

[4] *E.g.*, Defendant was negligent by "failing to exercise reasonable care and thereby increasing the risk of physical harm to Myrtle Mahar" (Compl. ¶ 14(a)), and by failing to "cordon off or place the proper equipment or barriers necessary to prevent the release of asbestos dust and fibers in the workplace where Decedent worked." (Compl. ¶ 14(e)).

6

CV-12-05  Mahar v. Sullivan

For Plaintiff:
Paul Boots, Esq.
Paul M. Boots, PA
22 Free St, Ste 401
PO Box 7469
Portland ME  04112-7469


For Defendant:
Theodore Kirchner, Esq.
Norman Hanson & DeTroy
415 Congress St
PO Box 4600
Portland ME  -4112-4600