2012 ME 82

**STATE of Maine**

v.

**Rogers HARRELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 24, 2012.

Decided: June 21, 2012.

Peter J. Cyr, Esq., Law Offices of Peter J. Cyr, Portland, for appellant Rogers Harrell.

Stephanie Anderson, District Attorney, and Kate Tierney, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Rogers Harrell appeals from a judgment of conviction of domestic violence assault (Class C), 17–A M.R.S. §§ 207–A(1)(A), 1252(4–A) (2011),[1] entered in the Unified Criminal Docket (Cumberland County, *Moskowitz, J.*) that imposed a sentence of seven months of incarceration in the county jail and a fine of $300, which the court believed was mandatory. Although he does not challenge the seven-month incarceration, Harrell argues, and the State concedes, that the fine was not mandatory and that the court erred in concluding that the domestic-violence-assault statute incorporates the minimum fine mandated by the simple-assault statute, 17–A M.R.S. § 207(3) (2011). We agree and vacate the fine.

[¶ 2] Harrell was charged with domestic violence assault in June 2011 for assaulting his girlfriend. He pleaded guilty to the charge in October 2011. He was sentenced to seven months of incarceration in accordance with a plea agreement with the State. The court also imposed a $300 fine over Harrell's objection. The court stated that in its view the domestic-violence-assault statute incorporates the mandatory minimum fine that applies to assaults pursuant to the assault statute, 17–A M.R.S. § 207(3),[2] because the domestic-violence-assault statute requires a violation of the assault statute.

[¶ 3] Harrell timely appealed the fine portion of his sentence. On appeal, both Harrell and the State argue that the fine was imposed illegally because the court

---

1. Title 17–A M.R.S. § 207–A (2011) has been amended by P.L. 2011, ch. 640, § B–2 (effective Aug. 30, 2012), but the change does not affect this appeal.

2. Title 17–A M.R.S. § 207 (2011) provides, in part, that "[a] person is guilty of assault if ... [t]he person intentionally, knowingly or reck-

lessly causes bodily injury or offensive physical contact to another person." For a violation of this provision, "the court shall impose a sentencing alternative that involves a fine of not less than $300, which may not be suspended." *Id.*

erroneously believed that the domestic-violence-assault statute required it to impose the fine. Harrell also argues that the fine is excessive, in violation of article I, section 9 of the Maine Constitution and the Eighth Amendment to the United States Constitution.

[¶ 4] A sentence may be appealed directly as a matter of right when a defendant claims that the sentence was imposed in an illegal manner and the illegality appears plainly in the record. *State v. Schmidt*, 2010 ME 8, ¶ 5, 988 A.2d 975. An illegal fine is severable from a sentence of imprisonment if the court imposed the imprisonment "on grounds unrelated to, and independent of, those that led him to impose a fine in the amount fixed." *State v. Kee*, 398 A.2d 384, 387 (Me.1979). We therefore review the fine alone, as Harrell does not challenge the seven-month incarceration to which he was sentenced. We review questions of law de novo, including statutory interpretation and the legality and constitutionality of a sentence. *State v. Brockelbank*, 2011 ME 118, ¶ 15, 33 A.3d 925; *State v. Cain*, 2006 ME 1, ¶ 7, 888 A.2d 276.

[¶ 5] The domestic-violence-assault statute, by its plain language, does not prescribe any specific penalty or fine. 17–A M.R.S. § 207–A. Section 207–A is therefore ambiguous with respect to penalties. "The rule of lenity counsels us to resolve ambiguities in favor of the more lenient punishment when construing an ambiguous criminal statute...." *State v.*

*Stevens*, 2007 ME 5, ¶ 5, 912 A.2d 1229. When no mandatory fine is prescribed the court must "take into account the present and future financial capacity of the offender to pay the fine and the nature of the financial burden that payment of the fine will impose on the offender," 17–A M.R.S. § 1302(1) (2011); *State v. Pelletier*, 434 A.2d 52, 57 (Me.1981), which could result in a fine of less than $300.

[¶ 6] Construing the domestic-violence-assault statute as the rule of lenity requires us to do, we interpret the statute not to carry a mandatory minimum fine. Pursuant to other statutory sentencing provisions, the available punishments for Class C domestic violence assault are not to exceed four years of probation, 17–A M.R.S. §§ 1201, 1202(1–A)(A–1)(2) (2011)[3]; five years of imprisonment, 17–A M.R.S. § 1252(2)(C) (2011); and a $5000 fine, 17–A M.R.S. § 1301(1–A)(C) (2011).[4]

[¶ 7] Because we vacate the portion of the sentence imposing a mandatory minimum fine, we need not address Harrell's remaining argument.

The entry is:

Portion of the sentence imposing a $300 mandatory minimum fine is vacated. Remanded to the Unified Criminal Docket for further proceedings consistent with this opinion.

---

3. Title 17–A M.R.S. § 1201 (2011) has been amended by P.L. 2011, ch. 640, § B–2 (effective Aug. 30, 2012), but the change does not affect this appeal.

4. Title 17–A M.R.S. § 207–A(1)(A) provides for Class D domestic violence assault when the perpetrator does not have any prior convictions for the crimes enumerated in subsection B. The available punishments for the Class D crime are not to exceed one year of probation, 17–A M.R.S. §§ 1201(1)(A–1)(2), 1202(1) (2011); two years of probation if the court orders the defendant to complete a certified batterers' intervention program, 17–A M.R.S. § 1202(1–B) (2011); one year of imprisonment, 17–A M.R.S. § 1252(2)(D) (2011); and a $2000 fine, 17–A M.R.S. § 1301(1–A)(D) (2011).