2012 ME 133

**STATE Of Maine**

v.

**Christopher L. MOSHER.**

Supreme Judicial Court of Maine.

Argued: Nov. 7, 2012.

Decided: Dec. 6, 2012.

Scott F. Hess, Esq. (orally), Law Office of Scott F. Hess, LLC, Augusta, for appellant Christopher Mosher.

Alan P. Kelley, Acting District Attorney, and Alisa Ross (orally), Asst. Dist. Atty., Prosecutorial District IV, Augusta, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶1] Christopher L. Mosher appeals from a judgment of conviction of domestic

violence assault (Class D), 17–A M.R.S. § 207–A(1)(A) (2011), entered in the trial court (*Mullen, J.*) following a nonjury trial. Mosher does not contest his conviction; however, he argues that the sentence, which included a period of two years of probation with a requirement that Mosher participate in a certified batterers' intervention program, violated the Equal Protection clauses of the U.S. Constitution, U.S. Const. amend. XIV, § 1, and the Maine Constitution, Me. Const. art. I, § 6–A.

[¶ 2] Mosher contends that his sentence violated equal protection principles because, he asserts, a woman convicted of the same crime could not be sentenced to a term of probation of more than one year. According to Mosher, the court could not impose the same sentence on a female defendant for the same crime. Because there is no factual record from which we can evaluate Mosher's and the State's arguments, we vacate the sentence and remand for additional proceedings.

## I. CASE HISTORY

[¶ 3] Mosher was charged by complaint with domestic violence assault (Class D), 17–A M.R.S. § 207–A(1)(A), because of an incident that occurred on November 24, 2011. He was convicted following a nonjury trial. The court sentenced Mosher to 180 days in the county jail, with all but sixty days suspended, and a period of two years of probation with a requirement that Mosher participate in a certified batterers' intervention (CBI) program. Mosher objected to the sentence and argued that imposing two years of probation and requiring his participation in a CBI program violated his right to equal protection of the laws because the court could not impose a two-year term of probation for women.

[¶ 4] After sentencing, Mosher timely appealed pursuant to 15 M.R.S.

§ 2111(1) (2011) and M.R.App. P. 2. On appeal, he challenges only the sentence, not the conviction. We permit a direct appeal of an allegedly illegal sentence when the "illegality appears plainly in the record," and we review the constitutionality of a sentence de novo. *State v. Harrell,* 2012 ME 82, ¶ 4, 45 A.3d 732.

## II. LEGAL ANALYSIS

[¶ 5] Defendants, male or female, convicted of some Class D crimes, including domestic violence assault, may be sentenced to up to one year of probation. 17–A M.R.S. § 1202(1) (2011). Title 17–A M.R.S. § 1202(1–B) (2011), however, permits a court to sentence a defendant convicted of domestic violence assault to two years of probation, but only if the court orders the defendant "to complete a certified batterers' intervention program as defined in Title 19–A, section 4014." The sentencing statute itself makes no distinction between men and women.

[¶ 6] Title 19–A M.R.S. § 4014(1) (2011) instructs the Department of Corrections to adopt administrative rules "that establish standards and procedures for certification of batterers' intervention programs." *See also* 5 M.R.S. §§ 8071–8074 (2011) (describing the Legislature's review of major substantive rules). The Department then reviews and certifies CBI programs that meet its standards. 19–A M.R.S. § 4014(1). Courts may refer defendants to only those CBI programs that the Department has certified. 17–A M.R.S. § 1204(2–A)(D) (2011).

[¶ 7] At this point, we understand that the Department has promulgated rules that authorize CBI programs only for men, thus making two-year terms of probation available for men only. The regulation defines a batterers' intervention program as "an educational program for men" that

is "designed specifically to intervene with court referred adult men who are abusive to their intimate women partners." 1A C.M.R. 03–201 015–1 § 1.1(B) (2008). The programs will be "comprised of the same sex (men)." 1A C.M.R. 03–201 015–4 § 4.1(B)(4) (2008). The rule notes that its "standards are specifically designed for men who abuse their intimate women partners" and that "[a] different model may be developed for same sex batterers, and for women who are abusive." [1] 1A C.M.R. 03–201 015–4 § 4.3(A) (2008).

[¶ 8] The parties dispute whether CBI programs for women actually exist, notwithstanding the absence of a regulation authorizing such programs. The parties' arguments, although undoubtedly made in good faith, are not based on facts in the record. Absent such a record, we are unable to reach the constitutional dispute before us.

 [¶ 9] The State argues that Mosher failed to meet his burden to demonstrate that female defendants are not, in fact, being sentenced to two years of probation with a requirement that they complete a CBI program. The record before us, however, suggests that the Department has adopted rules that authorize programs for men only. As a result, whether or not women are being sentenced to such programs, a fact absent from the record, the published regulatory scheme permits only male defendants to be sentenced to an additional year of probation. In this context, the State bears the burden of demonstrating the constitutionality of a gender-based classification. *See United States v.*

*Virginia,* 518 U.S. 515, 533, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996).

 [¶ 10] Our analysis of a claim that a statute is unconstitutional begins with a presumption that the law is constitutional. *Godbout v. WLB Holding, Inc.,* 2010 ME 46, ¶ 5, 997 A.2d 92. A challenger has the burden to demonstrate "convincingly" that a statute conflicts with the constitution. *Id.* "[A]ll reasonable doubts must be resolved in favor of the constitutionality of the statute." *Id.; see also Driscoll v. Mains,* 2005 ME 52, ¶ 6, 870 A.2d 124 (stating that if there is a reasonable interpretation of a statute that will satisfy constitutional requirements, we will adopt it). Here, the statute itself does not create any gender-based distinctions or classifications, but application of the statute through regulations that limit the courts' sentencing choices apparently does create such distinctions or classifications.

 [¶ 11] Gender-based classifications are subject to intermediate equal protection scrutiny. *See Virginia,* 518 U.S. at 532–33, 116 S.Ct. 2264; 4 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance and Procedure* §§ 18.20–23 (4th ed. 2008 & 2011 Supp.) (describing the history and application of intermediate scrutiny to gender-based classifications). The Maine Constitution's guarantee of equal protection is co-extensive with that of the Fourteenth Amendment. *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.,* 2010 ME 18, ¶ 26, 989 A.2d 1128. To withstand intermediate scrutiny, gender-based statutory classifications "must advance an important govern-

---

1. There are two ways to read this last phrase. The State argues that this phrase means that the regulation, at present, authorizes CBI programs for women. In the context of the full regulation, which repeatedly refers to programs for men, this interpretation is not persuasive. More likely, this language acknowledges that a different, and presently unpromulgated, rule may address programs for women. At oral argument, the State asserted that women are being sentenced to two-year terms of probation pursuant to provisional CBI programs for women. Nothing in the record supports that contention.

mental objective and be substantially related to achieving that objective." *See State v. Houston,* 534 A.2d 1293, 1296 (Me.1987).

[¶ 12] We have previously held that a male defendant may not be punished more harshly than a female defendant convicted of the same crime. In *Houston,* we considered whether a sentencing judge violated a male defendant's right to equal protection when the judge intimated at sentencing that he was punishing the defendant more harshly than he would a similarly situated female defendant. *Id.* We vacated the sentence and held that "[t]here exists no sound reason for punishing more harshly a man's unprovoked assault upon a woman than a similar attack upon a victim who is an equally defenseless male." *Id.* at 1297. Given this precedent, a regulatory scheme that permits men to be sentenced to two years of probation while women apparently may only be sentenced to one year of probation would not withstand constitutional scrutiny. The trial court must resolve in the first instance whether such a regulatory scheme exists in this case.

[¶ 13] Whether single-gender programs are substantially related to achieving an important governmental objective, *id.* at 1296, cannot be determined on the record before us. Similarly, whether there are in fact provisional CBI programs that permitted women to be sentenced to two-year terms of probation at the time that Mosher was sentenced to a two-year term of probation cannot be determined on this record. The issue was addressed only in brief arguments before the trial court that did not promote development of a factual record to support the equal protection challenge on the significant constitutional issue raised by the term of probation imposed in this case.

[¶ 14] When an appeal presents a constitutional challenge to a statute or regulation, we must be cautious about addressing constitutional issues if addressing issues that do not implicate a constitutional violation can resolve the appeal. *Bates v. Dep't of Behavioral & Developmental Servs.,* 2004 ME 154, ¶ 85, 863 A.2d 890; *Hannum v. Bd. of Envtl. Prot.,* 2003 ME 123, ¶ 18, 832 A.2d 765. Here, in order to address the constitutional issue, the trial court must require the parties to develop the facts as to whether CBI programs for women, permitting a two-year term of probation, are available or were available at the time that Mosher was sentenced, and then it must determine whether a gender-based distinction in implementing CBI programs is substantially related to a legitimate governmental interest.

[¶ 15] Accordingly, we remand for the trial court to develop the facts on these issues and, after development of the facts and completion of the constitutional analysis, resentence Mosher to the same term of probation or a reduced term of probation as its factual findings and legal conclusions may support.

The entry is:

Sentence vacated. Remanded for further proceedings in accordance with this opinion.