MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions

Decision:     2013 ME 54
Docket:       Pen-12-355
Argued:       April 11, 2013
Decided:      June 4, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.


STATE OF MAINE

v.

KEITH E. KLINE JR.


ALEXANDER, J.

[¶1]  Keith E. Kline Jr. appeals from a judgment of conviction of reckless conduct with a dangerous weapon (Class C), 17-A M.R.S. §§ 211(1), 1252(4) (2012), entered in the trial court (*Cuddy, J.*) following a jury trial.  Kline argues that the evidence was insufficient to support the conviction, that the court erred when it excluded certain evidence that Kline sought to admit through the testimony of his private investigator, and that it erred when it did not grant a mistrial following a comment the State made in rebuttal during closing arguments.  Additionally, Kline and the State agree that the court improperly applied the mandatory minimum sentencing provision at 17-A M.R.S. § 1252(5) (2012) because the court did not instruct the jury to make certain findings necessary to require the mandatory minimum sentence.  We affirm the judgment of conviction,

but, on agreement of the parties, we vacate the sentence and remand the matter for resentencing.

## I. CASE HISTORY

[¶2] The following facts, viewed in the light most favorable to the State, are established in the record. *See State v. Hofland*, 2012 ME 129, ¶ 22, 58 A.3d 1023.

[¶3] On Labor Day afternoon, September 5, 2011, Keith E. Kline Jr. was shooting firearms with friends behind his home in Hudson. Kline claimed to be "target practicing" with his .40 caliber handgun, which has a muzzle velocity of over 1000 feet per second, aiming into an area of saplings and overgrowth in the woods. There were no actual targets set up and no raised barriers or berms surrounding the target area.

[¶4] The victim, Kline's next-door neighbor, lived in a mobile home approximately 500 feet from Kline's home. Although the land between the victim's home and Kline's home was wooded, Kline indisputably knew where the victim's home was located and that he was shooting in the direction of her home.

[¶5] The victim, who was in her home when Kline was shooting, sustained a gunshot injury when a bullet pierced the exterior wall of her home and hit her. Police recovered a bullet from the victim's home and determined that a .40 caliber weapon fired it. Kline was charged with one count of reckless conduct with a dangerous weapon (Class C), specifically a firearm, 17-A M.R.S. §§ 211(1),

1252(4) and one count of reckless conduct (Class D), 17-A M.R.S. § 211(1) (2012). The indictment included the language "with the use of a firearm against [a] person" to invoke the mandatory minimum one-year sentence on the Class C charge specified in 17-A M.R.S. § 1252(5).

[¶6] Kline pleaded not guilty, and a jury trial was held in July 2012. Before trial began, Kline moved to exclude any evidence regarding his prior relationship with the victim before the shooting, apparently concerned that it might, among other things, suggest that Kline had a motive to shoot or scare her. The court granted Kline's motion to exclude that evidence.

[¶7] At trial, Kline offered a private investigator's testimony concerning what the private investigator had personally observed about the nature of the woods separating Kline's home from the victim's home, the location of the homes, and measurements he had taken between the two locations. The State challenged portions of the investigator's testimony. The court excluded any testimony regarding the investigator's measurements of the property, but otherwise allowed him to offer his lay opinion of what he personally observed between Kline's and the victim's homes. Additionally, the court limited, pursuant to M.R. Evid. 401 and 403, the witness's testimony as to his observations about the appearance of the wooded area in November when the leaves were completely off the trees, given that the shooting occurred in early September.

4

[¶8]	After the close of the evidence, the parties presented closing arguments. In his argument, Kline asserted that he was shooting safely, that there was "no proof" that the shots he and his friends fired went into the victim's home, and that someone else must have shot the victim. In rebuttal, the prosecutor recognized Kline's implication that "she did this to herself" and then argued that "there is certainly no motive here or reason why she would do that." Citing the court's prior exclusion of evidence of Kline's and the victim's prior relationship and related inference that Kline may have had a motive to shoot or scare the victim, Kline objected and moved for a mistrial or a curative instruction. The court denied the motion for a mistrial and gave a curative instruction that Kline's motive or lack of motive was not an issue that the jury should consider. Kline did not object to the curative instruction. The court charged the jury without objection, and the jury found Kline guilty of reckless conduct with a dangerous weapon, specifically a firearm.

[¶9]	The court proceeded directly to sentencing following the jury's verdict. Applying the minimum mandatory sentencing provision of 17-A M.R.S. § 1252(5), apparently on its own initiative, the court sentenced Kline to one year in prison. Kline brought this timely appeal.

_____

## II. LEGAL ANALYSIS

A.   Sufficiency of the Evidence, Exclusion of Certain Evidence, and Denial of a Motion for Mistrial

[¶10]   Kline contends that the evidence was insufficient for a jury to rationally find that Kline acted recklessly when he shot a powerful handgun into the woods in a residential area and in the direction of his next-door neighbor's home, knowing where it was located.   Contrary to Kline's contentions, the evidence was sufficient for the jury to have rationally found each element of the offense beyond a reasonable doubt.   *See* 17-A M.R.S. §§ 211(1), 1252(4); *see also* 17-A M.R.S. §§ 2(22), 35 (2012); *Hofland*, 2012 ME 129, ¶ 22, 58 A.3d 1023 (stating the standard of review).

[¶11]   Kline also argues that the court improperly excluded or limited the following evidence that Kline sought to introduce through his lay witness, a private investigator, (1) testimony concerning the appearance and layout of the wooded area between Kline's and the victim's homes,[1] and (2) testimony of actual measurements the investigator had taken of the distance between Kline's and the

---

[1]   Contrary to Kline's contention, the investigator was allowed to testify to his general observations about the area's topography and the "extensive" nature of the vegetation between Kline's and the victim's homes, and he further testified that, when standing at the spot from which Kline shot, the investigator could see no homes.   Because the offense occurred in early September, before the leaves had fallen, the court limited, but did not entirely exclude, the investigator's testimony as to the appearance of the wooded area in November.

victim's homes.[2] Reviewing the court's evidentiary rulings for obvious error because Kline did not articulate objections to the limitations on this testimony, we conclude that the court did not err in limiting or excluding the investigator's testimony as it did. *See State v. Roberts*, 2008 ME 112, ¶ 21, 951 A.2d 803; *State v. Snow*, 2007 ME 26, ¶¶ 8-11, 916 A.2d 957; *see also* M.R. Evid. 401, 402, 403, 701, 702; *Mitchell v. Kieliszek*, 2006 ME 70, ¶¶ 13-14, 900 A.2d 719 (stating that "an opinion based on 'scientific, technical, or other specialized knowledge'. . . cannot be an opinion of a witness 'not testifying as an expert'" and that expert and lay opinion are mutually exclusive); *State v. Marden*, 673 A.2d 1304, 1311 n.5 (Me. 1996).

[¶12] Finally, contrary to Kline's contentions, the court did not abuse its discretion when it denied Kline's motion for a mistrial and instead provided a curative instruction in response to the State's comment in rebuttal. *See State v. Caron*, 2011 ME 9, ¶ 16, 10 A.3d 739; *State v. Bridges*, 2004 ME 102, ¶¶ 10-11, 854 A.2d 855. It does not appear that the prosecutor's comment regarding the lack of evidence of the victim's motive to fabricate was violative of the court's earlier exclusion of evidence of Kline's motive. Further, Kline did not object to the curative instruction or renew his motion for a mistrial. Thus, reviewing the curative instruction for obvious error, we conclude that the curative instruction was

---

[2] In contrast, the court would have permitted the witness to testify to his lay opinion as to the distance, to the extent the testimony was not technical in nature.

adequate to remedy any prejudice and that the court properly did not grant a mistrial on its own initiative after giving the curative instruction. *See State v. Quirion*, 2000 ME 103, ¶ 25, 752 A.2d 170.

[¶13] In short, finding no error, we affirm the judgment of conviction.

B.      Application of the Minimum Mandatory Sentencing Statute

[¶14] Kline and the State agree that the case should be remanded to the trial court for resentencing.[3] They argue that the fact-finder must find that the offender used a "firearm against a person" before the mandatory minimum sentencing provision of 17-A M.R.S. § 1252(5) may be applied. They further argue that because they did not request and the court did not instruct the jury to find whether Kline used a firearm "against a person" in the commission of reckless conduct with a dangerous weapon, the jury did not make the required finding,[4] and the court erred in applying the provisions of section 1252(5). Because the parties agree that the court should reconsider the sentence not supported by the requisite finding, we do not discuss this issue further.

[¶15] Based on the agreement of the parties, we vacate the sentence imposed and remand for resentencing.

---

[3] A defendant may appeal a sentence directly as a matter of right if he claims that it was "imposed in an illegal manner and the illegality appears plainly in the record." *State v. Harrell*, 2012 ME 82, ¶ 4, 45 A.3d 732.

[4] The jury did, however, find Kline guilty of "reckless conduct with a firearm."

The entry is:

> Judgment of conviction affirmed. Sentence vacated; remanded to the trial court for resentencing.

_____

**On the briefs:**

Sean Ociepka, Esq., The Law Office of Sean Ociepka, Belfast, for appellant Keith E. Kline, Jr.

R. Christopher Almy, District Attorney, and Tracy Collins Lacher, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

**At oral argument:**

Sean Ociepka, Esq. for appellant Keith E. Kline Jr.

Tracy Collins Lacher, Asst. Dist. Atty., for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2012-91
FOR CLERK REFERENCE ONLY