ALEXANDER, J., concurring.
 

 [¶ 29] Title 14 M.R.S. § 8701 (2017) provides critical protection for Maine businesses and jobs from abusive, bad faith claims of patent infringement. The protection offered by section 8701 is particularly important to discourage bad faith claims related to the manufacture of health care products and devices. In this field, patent litigation is used to attempt to create monopolies on particular products that some exploit to charge exorbitant prices and reap huge profits from the sale of drugs and other products that cost little to manufacture-escalating the already high cost of health care to the detriment of the public health and welfare.
 

 [¶ 30] The dispute here involves absorbent swabs, absorbent material on the head of a thin stick, commonly available and applied to a variety of uses in forensic medicine, personal care, and health care. From the depictions in the record, the products at issue are, in reality, glorified "Q-tips." The parties are disputing whether the manner of attaching the absorbent material to the head of the stick by inserting strands of the material into the head of the stick is subject to a patent giving Copan Italia a monopoly on swabs with absorbent material attached in that manner.
 

 [¶ 31] The Court's opinion aptly summarizes the purposes and importance of Maine's product protection law.
 

 In 2014, Maine's Legislature enacted 14 M.R.S. §§ 8701 - 8702, entitled Actions for Bad Faith Assertion of Patent Infringement.
 
 See
 
 P.L. 2013, ch. 543 (effective Aug. 1, 2014). In doing so, Maine joined a growing number of states that have passed similar laws in an attempt to address the problems presented by patent trolls
 
 [17]
 
 and bad faith assertions of patent infringement.
 
 See An Act Regarding Bad Faith Assertions of Patent Infringement: Hearing on L.D. 1660 Before the J. Standing Comm. on the Judiciary
 
 , 126th Legis. (2014) (testimony of John D. Delahanty, Esq.); Paul R. Gugliuzza,
 
 Patent Trolls and Preemption
 
 ,
 
 101 Va. L. Rev. 1579
 
 , 1593 (2015).
 

 Court's Opinion ¶ 19.
 

 [¶ 32] Recognizing the importance of the protections provided to Maine businesses and jobs by this law, the trial court carefully and critically reviewed the material facts presented to it by the parties. After review, the court concluded that Puritan Medical Products Company LLC had failed to establish any dispute as to material fact that Copan Italia's assertions of patent infringement were made in bad faith. Because Puritan had not established the element of bad faith required for a section 8701 claim, the trial court granted Copan's motion for summary judgment. Because the trial court properly evaluated the materials before it and granted summary judgment, we should affirm that grant of summary judgment.
 

 [¶ 33] Instead of affirming the trial court's grant of summary judgment, the Court elects to reach out, invoke the federal law of preemption, and hold that, considering the materials before it, the trial court erred in even reaching the merits of the section 8701 bad faith claim. The Court holds, in effect, that the section 8701 claim in this case, and, by implication, most section 8701 claims, are preempted by federal patent law.
 

 [¶ 34] The federal law of preemption presents a question of the constitutionality of application of state law, here section 8701, as preempted by the Supremacy Clause, art. VI, cl. 2, of the United States Constitution. The Court states: "The Supremacy Clause of the United States Constitution states that the 'Constitution, and the Laws of the United States ... shall be the supreme Law of the Land.' U.S. Const. art. VI, cl. 2. Federal preemption of state law takes three forms: express preemption, field preemption, and conflict preemption." Court's Opinion ¶ 13 (citing
 
 English v. Gen. Elec. Co.
 
 ,
 
 496 U.S. 72
 
 , 78-79,
 
 110 S.Ct. 2270
 
 ,
 
 110 L.Ed.2d 65
 
 (1990) ).
 

 [¶ 35] The Court's approach puts the cart before the horse, reaching out to address preemption before addressing the merits of the trial court's ruling in favor of Copan. Had the trial court found that Puritan had established a dispute as to material fact regarding the bad faith issue under the Maine law, the trial court would then have had to address the issue of federal preemption before it proceeded to address the merits of the bad faith claim. Some preemption opinions cited by the Court at paragraphs 14-15 appear to require just such an analysis of the validity of the bad faith claim before deciding the preemption issue.
 
 See
 

 Ultra-Precision Mfg., Ltd. v. Ford Motor Co.
 
 ,
 
 411 F.3d 1369
 
 , 1377 (Fed. Cir. 2005) ;
 
 Globetrotter Software, Inc. v. Elan Comput. Grp.
 
 ,
 
 362 F.3d 1367
 
 , 1374 (Fed. Cir. 2004).
 

 [¶ 36] Federal precedent establishes that the constitutional preemption issue should be reached only when there is no alternative, independent grounds to dispose of this case.
 
 See
 

 Columbia Venture, LLC v. Dewberry & Davis, LLC
 
 ,
 
 604 F.3d 824
 
 , 828 (4th Cir. 2010) (noting that a court should decide a case on an independent state-law basis if that basis allows the court to avoid deciding a constitutional question such as preemption).
 
 But see
 

 Colorado Dep't of Pub. Health & Environment v. United States
 
 ,
 
 693 F.3d 1214
 
 , 1222 (10th Cir. 2012) (citing
 
 Douglas v. Seacoast Prods., Inc.
 
 ,
 
 431 U.S. 265
 
 , 272,
 
 97 S.Ct. 1740
 
 ,
 
 52 L.Ed.2d 304
 
 (1977) (stating that federal preemption of state law is grounded in the Supremacy Clause of the United States Constitution, but the Supreme Court has treated preemption "as 'statutory' for purposes of [the Court's] practice of deciding statutory claims first to avoid unnecessary constitutional adjudications.") ). The trial court's ruling in favor of Copan provides the independent grounds to avoid the preemption issue.
 

 [¶ 37] Having granted Copan's motion for summary judgment, the trial court was not required to consider whether the Supremacy Clause applied to preempt the section 8701 action. We should not be suggesting otherwise. Reaching the preemption issue before analyzing the merits of the trial court's judgment implies that the important business protection adopted in the bad faith assertion of patent infringement law, section 8701, is unconstitutional because it is preempted. While the Court, in footnote 15, suggests that a section 8701 claim may not always be preempted, the standards the Court sets to reach the merits of any State claim appear virtually unattainable.
 

 [¶ 38] Our review of a claim that a statute, such as section 8701, is unconstitutional must begin with a presumption that the law is constitutional.
 
 Godbout v. WLB Holding, Inc.,
 

 2010 ME 46
 
 , ¶ 5,
 
 997 A.2d 92
 
 . Respecting this deferential consideration of statutes that the Legislature has deemed it important to enact, we have said that when an appeal presents a constitutional challenge to a statute-and a Supremacy Clause preemption claim is a constitutional challenge-we will avoid addressing the constitutional issue if the appeal can be decided by addressing issues that do not implicate a constitutional violation.
 
 Bates v. Dep't of Behavioral & Developmental Servs.,
 

 2004 ME 154
 
 , ¶ 85,
 
 863 A.2d 890
 
 ;
 
 Hannum v. Board of Environmental Protection,
 

 2003 ME 123
 
 , ¶ 18,
 
 832 A.2d 765
 
 .
 

 [¶ 39] Because the trial court rejected Puritan's claim by its grant of Copan's motion for summary judgment, we should avoid addressing the constitutional preemption issue by affirming that grant of summary judgment. We should not issue an opinion undermining the validity of the important protection for Maine businesses and jobs provided by section 8701.
 

 [¶ 40] I would affirm the trial court's decision granting Copan's motion for summary judgment without addressing the preemption issue.
 

 Patent trolls are described in the Court's footnote 11.